**Louis LANIER, Appellant,**

v.

**COMMONWEALTH of Kentucky, FISH AND WILDLIFE DIVISION and Workmen's Compensation Board, Appellee.**

Court of Appeals of Kentucky.

Oct. 19, 1979.

Earl T. Osborne, Paducah, for appellant.

Jonathan Freed, Boehl, Stopher, Graves & Deindoerfer, Paducah, for appellee.

Before GANT, HOWERTON and REYNOLDS, JJ.

GANT, Judge.

Appellant, an employee of the Fish and Wildlife Division of the Commonwealth of Kentucky, suffered an alleged injury in August, 1974. A claim for workmen's compensation benefits was filed in July, 1977, appellee resisting by special answer, on the grounds that the action was barred by the statute of limitations. The timeliness of this defense was raised by the appellant, but in light of our reversal on other grounds we will not rule on that point.

It was determined by the Workmen's Compensation Board that the employer did not comply with KRS 342.186, which statute was in effect at the time of the injury. This statute reads as follows:

> Notifying employe of statute of limitations.—An employer shall notify any employe who has received an injury or illness of the statute of limitations applicable to the injury or illness, not later than thirty (30) days prior to the expiration date.

The Board held that compliance with the above statute was not mandatory and dismissed the claim for failure to file within two years after the accident or two years after cessation of voluntary payments. This was affirmed by the lower court.

1. The author of the majority opinion and the dissenting opinion are both members of this panel.

Thus, the question to be determined is whether failure to comply with KRS 342.-186 precludes the employer from relying upon the statute of limitations. Our answer is an unequivocal "yes."

*Peach v. 21 Brands Distillery*, Ky.App., 580 S.W.2d 237 (1979), is the only case in this jurisdiction decided under the section above quoted.[1] In that case, the majority held that since KRS 342.186 was not in effect at the time of the injury it did not apply. However, it is the opinion of this panel that failure to comply with the notice provision of KRS 342.186 bans the employer from raising the defense of statute of limitations. This statute could have no other meaning. Appellee urges that these provisions are not mandatory but "directory" in nature. The statute specifically states that the employer "shall" notify the employee, there is no penalty contained in KRS 342.-990, and its location behind the statute of limitations section clearly indicates to us that failure to comply with this section would operate to preclude the employer from asserting the statute of limitations. The purpose of this statute was to prevent the employer from taking advantage of an unwary employee and to place him on notice of the fact that his action would terminate without affirmative decision on his part.

In the event the notice is given late, the statute of limitations will not expire until 30 days after notice is given. We interpret this to be the clear intention of the legislature.

Accordingly, this case is reversed and remanded to the lower court with directions to return it to the Workmen's Compensation Board for a hearing on the merits.

All concur.