Charles BOOTHE, Appellant,

v.

SPECIAL FUND; Workers' Compensation Board; and Clopay Corporation, Appellees.

Court of Appeals of Kentucky.

April 13, 1984.

John R. Kummer, Covington, for appellant.

Denis Kline, Dept. of Labor, Louisville, for appellee Special Fund.

Bernard J. Blau, Newport, for appellee Clopay Corp.

Before HOWARD, McDONALD and WILHOIT, JJ.

WILHOIT, Judge.

This appeal arises from a judgment of the Bracken Circuit Court affirming an order of the Workers' Compensation Board dismissing the appellant's claim. The issue is whether KRS 342.186 bars the defense of the statute of limitations when that statute was repealed effective prior to the claimant's filing his action but subsequent to his injury. We affirm.

The appellant, Charles Boothe, suffered a work-related injury in February 1976, while working for the appellee Clopay Corporation. He reported the accident to his supervisor and was told to see a physician. Subsequently, Boothe was admitted to the hospital where he remained for eight days. He received payment of his medical expenses in the amount of seventy-one dollars and temporary total disability payments in the amount of thirty-one dollars and fifty-eight cents from his employer.

Boothe filed an application with the Workers' Compensation Board on September 11, 1980. In its response, Clopay Corporation raised the two-year statute of limitations of KRS 342.185 as a defense. The appellant, however, asserted that the defense was barred because Clopay had never given him notice of the statute of limitations as required by KRS 342.186. Clopay's failure in notice is uncontroverted, but KRS 342.186 was repealed effective July 15, 1980, almost two months prior to Boothe's application. On July 26, 1982, the Workers' Compensation Board dismissed the appellant's claim as barred by the statute of limitations.

The appellant contends the Board improperly dismissed his claim. He argues that the statute in effect at the time of

injury is controlling, and that, even though KRS 342.186 was repealed subsequently, it is effective in this case. Thus, he maintains that Clopay cannot assert the statute of limitations as a defense because of its failure to notify him of the statute of limitations. We disagree.

■ The parties argue that our decision in this case should turn on the concepts of substantive and procedural law. If KRS 342.186 were adjudged to be substantive, its later repeal would have no effect on the appellant's case because the substantive law in effect at the time of injury controls. *Maggard v. International Harvester Co.*, Ky., 508 S.W.2d 777 (1974). If, however, the statute were deemed to be procedural in nature, its repeal would be retroactive, and the statute would have no effect on the appellant's case. *Stone v. Thompson*, Ky., 460 S.W.2d 809 (1970). This Court has already held KRS 342.186 to be neither purely substantive nor purely procedural law. *Peach v. 21 Brands Distillery*, Ky. App., 580 S.W.2d 235 (1979). In *Peach*, however, we did say that the employer's duty to notify a claimant is more a part of the remedy or procedure than the creation of a new right. *Id.* at 237. This perception was more clearly focused in *Lanier v. Commonwealth of Kentucky, Fish & Wildlife Division*, Ky.App., 605 S.W.2d 18 (1979), where this Court stressed the interdependence of KRS 342.186 and 342.185. The integral relationship between these two statutes causes us to treat the repeal of KRS 342.186 as one would treat the repeal of a statute of limitations.

■ Statutes of limitations apparently defy strict categorization as either substantive or procedural law. *Compare Daniel v. Fourth & Market, Inc.*, Ky., 445 S.W.2d 699 (1968) *with Stone, supra*. Regardless of the classification, however, Kentucky courts have consistently recognized the Legislature's ability to change existing statutes of limitations and to make these changes applicable to existing causes of action. *See, e.g., Stone, supra; Louisville Cooperage Co. v. Rudd*, 276 Ky. 721, 124 S.W.2d 1063 (1938); *Heath v. Hazelip*, 159 Ky. 555, 167 S.W. 905 (1914). The Legislature, however, cannot remove a bar of limitations which has run or shorten the limitation period for existing claims without allowing a reasonable time to bring actions thereon. *Louisville Cooperage, supra.* Because the repeal of KRS 342.186 effectively shortens the statute of limitations for a claimant who has not received notice and for whom the limitation has run, resolution of this case turns on whether the appellant had a reasonable time in which to bring his action after the repeal of the statute. *See Hays v. Hays' Administrator*, Ky., 290 S.W.2d 795 (1956), *rev'd on other grounds, Saylor v. Saylor*, 389 S.W.2d 904 (1965); *Freeman v. Louisville & Jefferson County Planning & Zoning Commission*, 308 Ky. 360, 214 S.W.2d 582 (1948). We find that he did have a reasonable time.

■ KRS 342.186 had the effect of extending the statute of limitations indefinitely but for only thirty days after the claimant received notice once the two-year period had passed. *Lanier, supra.* The Legislature, then, apparently felt that a thirty-day period in which to file a tardy claim after notice was reasonable, and we see nothing compelling it to do otherwise. KRS 342.186 was repealed on April 2, 1980, effective July 15, 1980. 1980 Ky.Acts, ch. 104, § 24. When the appellant filed his claim on September 11, 1980, fifty-eight days had passed after the effective date of the repeal and one hundred sixty-one days after its date of enactment. Every citizen is charged with knowledge of the law, and the repeal of KRS 342.186 provided notice to everyone that, pursuant to KRS 342.185, a party only had two years in which to make a claim for compensation. *Cf. Freeman, supra.* Allowing the appellant thirty days after July 15, 1980, his claim was barred after August 14, 1980. The Board, then, properly dismissed the claim.

The judgment of the Bracken Circuit Court is affirmed.

All concur.