**Russell V. McGREGOR, Movant,**

v.

**PIP JOHNSON CONSTRUCTION COM-PANY, Workers' Compensation Board, and Special Fund, Respondents.**

Supreme Court of Kentucky.

Nov. 6, 1986.

As Modified on Denial of Rehearing Jan. 22, 1987.

Mark D. Pierce, Paducah, for movant.

Richard L. Walter, Paducah, David Allen, Labor Cabinet, Louisville, for respondents.

VANCE, Justice.

The question is how K.R.S. 342.186 should be applied, after its repeal, to claims which arose while it was still in effect.

K.R.S. 342.186, enacted in 1974 and repealed effective July 15, 1980, provided: "An employer shall notify any employee who has received an injury or illness of the statute of limitations applicable to the injury or illness, not later than thirty days prior to the expiration date."

When the notice is given late, the statute of limitations will simply not expire until 30 days after the notice is given. *Lanier v. Commonwealth, Fish and Wildlife Division*, Ky.App., 605 S.W.2d 18 (1979). The reasoning expressed in *Lanier* is persuasive to us.

Movant, Russell V. McGregor, suffered a work-related injury to his knee while employed by respondent, Pip Johnson Construction Company. The injury occurred in September, 1976. Surgery was performed on movant's knee on September 25, 1976, and he was unable to return to work until February, 1977. He was paid compensation for the time he was unable to work, his medical expenses for the September, 1976 surgery, and for subsequent medical treatment.

Movant's condition gradually worsened until he became totally disabled and was forced to quit work in 1983. He then filed a claim for worker's compensation benefits, which was resisted by the employer on the ground that the claim was barred by the two-year statute of limitations. (K.R.S. 342.185).

Movant was found to be totally disabled, and his award was apportioned 90% to the employer and 10% to the Special Fund. The award was affirmed by the Marshall Circuit Court, but was reversed by the Court of Appeals which held the claim was barred by the statute of limitations.

We reverse the decision of the Court of Appeals.

In 1976, when movant was injured, K.R.S. 342.186 was in effect. We will assume for purposes of argument only that the statute of limitations on this claim would have expired except for the fact that K.R.S. 342.186 extended the time until movant was notified of the expiration date. It is undisputed that no such notice was ever given by respondent to movant.

The Court of Appeals relied upon *Boothe v. Special Fund*, Ky.App., 668 S.W.2d 66 (1984), which held that the repeal of K.R.S. 342.186, effective July 15, 1980, removed the notice requirement and that claims which would otherwise have been viable because of the lack of notice would thereafter be barred 30 days after the repeal of K.R.S. 342.186.

This holding was based upon the theory that K.R.S. 342.186 had the effect of extending the statute of limitations indefinitely, but for only 30 days after claimant received notice that the two-year period had expired. The court reasoned that the repeal of K.R.S. 342.186 in effect shortened the period of limitations, but that claims, valid before the repeal, could not arbitrarily be cut off without allowing a reasonable time in which to file such claims. It was held that the 30–day period established by the General Assembly was a reasonable time.

 We think K.R.S. 342.186 did more than extend the statute of limitations. In addition, it entitled a worker's compensation claimant to receive a personal notice to call his attention to the fact that his claim might be barred by limitations. We have not been cited to any other similar provision in a limitation statute, but its obvious purpose was to prevent an unwary claimant from inadvertently allowing his claim to expire. *Lanier v. Fish and Wildlife Commission, supra.*

If K.R.S. 342.186 did no more than create an indefinite extension of the statute of limitations, and its repeal did no more than restore the original statute of limitations, the decision in *Boothe v. Special Fund, supra,* would be valid, but K.R.S. 342.186 required that movant be notified of the expiration date of the statute of limitations. This entitlement to notice is not simply a matter of procedure, but is a substantive right created by K.R.S. 342.186. In compensation cases, the statutes creating substantive rights in effect at the time of injury are controlling. *Maggard v. International Harvester Co.,* Ky., 508 S.W.2d 777 (1974). Movant's right to notice was a statutory requirement at the time of his injury and cannot be taken away from him retroactively by the repeal of K.R.S. 342.186. *Boothe v. Special Fund, supra,* is overruled.

The Worker's Compensation Board determined that claimant suffered an injury of appreciable proportions in 1976, and the culmination of the initial trauma and the progressive deterioration of the knee joint from continuing work activities resulted in 100% occupational disability in 1983. The Board further found that no permanent, partial disability existed prior to that time. We cannot say that the evidence compelled a different conclusion.

Therefore, we affirm the determination that claimant is entitled to compensation at the rate prevailing in 1983.

The decision of the Court of Appeals is reversed, and the judgment of the Marshall Circuit Court is reinstated.

All concur.