**Carol M. PALMORE, Secretary, Labor Cabinet (Special Fund), Appellant,**

v.

**TRANSPORTATION CABINET, Robert E. Norton and Workers' Compensation Board, Appellees.**

No. 87–CA–1968–MR.

Court of Appeals of Kentucky.

Oct. 7, 1988.

Rehearing Denied Dec. 9, 1988.

Discretionary Review Denied by Supreme Court March 8, 1989.

David R. Allen, Labor Cabinet, Louisville, for appellant, Special Fund.

H. Douglas Jones, Robert A. Jenkins, Covington, for appellee, Norton.

Henry C. Germann, Dept. of Highways, Covington, for appellee, Transp. Cabinet.

Before HOWERTON, C.J. and LESTER and REYNOLDS, JJ.

HOWERTON, Chief Judge.

The Special Fund appeals from an order of the Pendleton Circuit Court affirming an award of the Workers' Compensation Board in favor of Robert E. Norton. The final order vacated the court's previous order directing the board to dismiss Norton's claim. Although the fund makes several thought-provoking arguments, we nevertheless conclude that the trial court reached the correct result. We therefore affirm.

Norton was injured on December 20, 1979. He was paid temporary income and medical benefits until February 22, 1980. He filed his claim with the board on September 29, 1983, approximately 3½ years after the last voluntary payment was made to him by his employer. The Transportation Cabinet contested the claim and asserted the defense of the two-year statute of limitations. KRS 342.185. On May 2, 1984, a motion was made to join the Special Fund, to which the fund responded on May 16, 1984, by filing a notice of representation and a motion to dismiss the claim on the ground that it was barred by the statute of limitations. The fund was officially joined as a party on July 30, 1984, and the two motions to dismiss were passed for consideration with the merits of the case.

On May 4, 1984, the employer voluntarily paid a medical bill for Norton, and the board determined that this payment tolled the running of the statute. It entered its award for Norton on April 5, 1985. In so ruling, the board determined that KRS 342.185, as it existed in 1979, allowed for the statute of limitations to be tolled upon a voluntary payment by an employer of either an income or a medical benefit. KRS 342.185 limits the time for filing a claim to two years after an injury or to two years after the last voluntary payment of a benefit by the employer, whichever is later. The statute was amended in 1982 to apply only to payment of income benefits, but the board held that the new law was inapplicable to this claim. It used the May 4, 1984, medical payment to justify the September 29, 1983, filing.

KRS 342.186, which was in effect in 1979, required an employer to give an employee notice of the expiration of the time for filing a claim 30 days before the expiration date. Until such notice was given, the claim would remain outstanding indefinitely. No notice was ever given to Norton by the Transportation Cabinet.

The notice statute was repealed on July 15, 1980, and the question arose as to whether the pre–1980 or post–1980 notice requirement should apply in this case. In the board's award, it merely indicated that the arguments concerning this issue were misplaced.

■ The board's award was appealed to the Pendleton Circuit Court by the fund, and on May 6, 1986, the Pendleton Circuit Court reversed the board's award, holding that the statute of limitations had run as to the Special Fund. Although the Pendleton Circuit Court did not cite *Boothe v. Special Fund*, Ky.App., 668 S.W.2d 66 (1984), it did rely on the decision in making the reversal. It determined that notice by the employer to the employee was not required since KRS 342.186 had been repealed. *Boothe* held that for a pre–1980 injury, the notice requirement would expire 30 days after the effective date of the statutory repeal.

On May 15, 1986, Norton filed a motion to vacate the court's order pursuant to CR 59. The motion raised the question of the case of *McGregor v. Pip Johnson Construction Co.*, which was then pending before the Supreme Court of Kentucky. *McGregor* involved the question of the applicability of KRS 342.186 to a pre–1980 injury. Norton filed a memorandum on May 23, and the Pendleton Circuit Court took the motion to vacate under advisement. Counsel was requested to inform the court when *McGregor* became final.

*McGregor* became final in 1987 and is published in 721 S.W.2d 708. The case held that KRS 342.186 gave a substantive right which applied to all injuries occurring while

the statute was in effect. The repeal did not eliminate the notice requirement for a 1979 work-related injury. The decision overruled *Boothe, supra.*

On August 17, 1987, the Pendleton Circuit Court entered its new order vacating and reversing its prior ruling. It affirmed the board's award to Norton, because the employer failed to give the required notice. The new order indicated that the court's original order relied on *Boothe,* and that the court was without the benefits of *McGregor.* It was from this final order that the Special Fund has appealed.

Both sides devote much time and effort to arguing whether the law in effect at the time of the injury or the law in effect at the time of the filing should be controlling. However, we need not resolve that issue in order to decide the outcome of this case. Likewise, we need not decide whether the action of the employer in making the voluntary medical payment is also binding on the fund.

The dispositive issue involves the application of KRS 342.186, which was in effect at the time of the injury. Notice was clearly not given in this case, and *McGregor, supra,* has the effect of keeping alive any injury which occurred while the notice requirement was in effect. The statute of limitations simply did not expire on this claim, whether or when the employer made any voluntary payments of any type.

The fund argues that Norton waived the notice requirement, because he did not seek to overrule or contradict the *Boothe* decision. While Norton may not have appealed the first order and did not make any personal challenge of the *Boothe* decision, he nevertheless kept the issue alive in his motion to vacate the first order of the Pendleton Circuit Court. We therefore find no merit in the fund's argument. Furthermore, whether the issue was properly preserved throughout all of the proceedings, it was the notice issue which was dispositive for the trial court. The court reached the correct result, and even if its reasoning was flawed, which we deny, we would affirm. *Tresslar Co., Inc. v. Fritts,* Ky.App., 665 S.W.2d 314 (1984).

The order of the Pendleton Circuit Court vacating its original order and affirming the award of the Workers' Compensation Board is affirmed.

All concur.