**Kenneth Arthur SMITH**

v.

**CITY OF GLASGOW; Fred Shirley; Gary Lowry; and Mike Harper.**

**Civ. A. No. 91–0043–BG(H).**

United States District Court, W.D. Kentucky, at Bowling Green.

Dec. 30, 1992.

As Amended Jan. 27, 1993.

Kenneth Arthur Smith, pro se.

H. Jefferson Herbert, Jr., Herbert & Herbert, Glasgow, KY, for City of Glasgow.

Reginald Lee Ayers, Bell, Orr, Ayers & Moore, Bowling Green, KY, Fred Shirley, Gary Lowry and Mike Harper.

## MEMORANDUM OPINION

HEYBURN, District Judge.

This matter is before the Court on motion of Defendants for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Pro se Plaintiff, Kenneth Arthur Smith, brought a section 1983 action against Defendants, Fred Shirley, Gary Lowry, and Mike Harper, who are jailers at the Barren County Correctional Facility claiming that during his incarceration Defendants intentionally inflicted injury upon him. Plaintiff also sues the City of Glasgow for failure to supervise its corrections facility. All Party–Defendants move for summary judgment on the grounds that Plaintiff's claim is time-barred.

The facts pertinent to the statute of limitations defense are not in dispute. Plaintiff's cause of action accrued on or about the first week of April, 1989. Plaintiff filed this action two years later on April 2, 1991. As a general rule, a federal court sitting in Kentucky applies a one-year limitation to section 1983 actions pursuant to the law of the forum state. *Collard v. Kentucky Board of Nursing*, 896 F.2d 179 (6th Cir.1990).[1] At the time Plaintiff's

---

**1.** The Reconstruction Civil Rights Acts do not contain specific statute of limitations but incorporate analogous state limitations. *See* 42 U.S.C. § 1988. In an effort to expedite the iden-

cause of action accrued, however, Kentucky law recognized that a plaintiff's confinement in a penitentiary tolled the statute of limitations. K.R.S. 413.310. The Kentucky Legislature repealed this tolling statute effective July 13, 1990, more than a year after this action accrued. The effect of the repeal of the tolling statute is a question of law ripe for adjudication.[2]

### I.

■ The pivotal issue this Court must determine, at its essence, is the limitations period applicable to this action. But for Plaintiff's status, this Court would without reservation apply a one-year limitation. However, the Kentucky tolling statute and its subsequent repeal leaves this Court in a quandary, and due to the myriad of prisoners' suits, the issue is likely to arise again and again. Where there is no suitable federal rule, 42 U.S.C. § 1988 requires courts to apply the common law, as modified and changed by the constitution and statutes of the forum state. Because there is no applicable federal rule of limitations, this Court must look to Kentucky law. Although there are no Kentucky cases on point, this Court must determine how Kentucky courts would apply the tolling statute to claims that accrued more than one year before its repeal.

Kentucky courts have addressed the power of the Kentucky Legislature to change statutes of limitations. In *Boothe v. Special Fund*, 668 S.W.2d 66, 67 (Ky. App.1984), the court addressed the effect of a repealed provision that required employers to give injured workers at least 30 days notice of a two-year limitations period for workers' compensation claims. An employer's failure to give notice tolled the limitations period indefinitely until compliance with the notice provision, at which

time and despite the expiration of the otherwise applicable two-year limitation, an injured worker's claim was time-barred only if filed more than thirty days after receiving notice. *Id.* The court stated that "[t]he [l]egislature cannot remove a bar of limitations which has run or shorten the limitation period for existing claims without allowing a reasonable time to bring actions." *Id.* The court held that thirty days within the date of repeal was a reasonable time, and due to plaintiff's failure to file within that time, the court upheld the lower court's dismissal. *Id.*

This Court must exercise caution, however, in its reliance on *Boothe;* the Kentucky Supreme Court reversed *Boothe* in *McGregor v. Pip Johnson Construction Co.*, 721 S.W.2d 708 (Ky.1986). The *McGregor* court held that because the notice provision affected a substantive right, its repeal could not retroactively quash the viability of an injured worker's claim. *Id.* at 710. Notwithstanding the court's reversal of the limitation of workers' compensation claims, the *McGregor* court qualified its ruling thusly:

> If K.R.S. 342.186 did no more than create an indefinite extension of the statute of limitations, and its repeal did no more than restore the original statute of limitations, the decision in *Boothe v. Special Fund, supra,* would be valid, but K.R.S. 342.186 required that movant be notified of the expiration date of the statute of limitations.

*Id.*

In the case at bar, there is no such substantive aspect to the statute of limitations. Rather, the issue is just as the court described: the repeal of the tolling statute did no more than restore the original two-year limitation. The Court, therefore, finds that Kentucky courts would give

tification of analogous state limitation statutes, the Supreme Court ruled that section 1983 claims should be characterized as personal injury actions. *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). Accordingly, the Sixth Circuit has ruled that a federal court sitting in Kentucky must apply K.R.S. 413.-140(1)(a) which provides a one-year limitation applicable to section 1983 claims. *Collard v.*

*Kentucky Board of Nursing,* 896 F.2d 179 (6th Cir.1990).

2. In *Hardin v. Straub,* 490 U.S. 536, 109 S.Ct. 1998, 104 L.Ed.2d 582 (1989), the Court held that state tolling statutes apply to section 1983 actions pursuant to 42 U.S.C. § 1988. Logic compels this Court to equally construe the effect of a repeal of a tolling statute.

plaintiffs a reasonable time after the effective date of the repeal of K.R.S. 413.310 to bring their claims. This fair and logical conclusion, however, does not fully resolve the legal standard that this Court should apply.

## II.

■ Plaintiff filed this action more than eight months after the repeal of the tolling statute. Whether eight months constitutes a reasonable time presents a malleable determination, subject only to the Court's broad discretion.[3] Although this approach may not be inconsistent with the vindication of civil rights pursuant to section 1983, the application of statutes of limitations should not require a subjective determination or be in the least result-oriented. Such an analysis is completely at odds with established and objective limitations rules.

Competing policies find their application in a reasonableness determination, including the staleness of a claim, the leniency afforded to pro se complainants, the maxim that ignorance of the law is no excuse. As an example of the difficulty with a reasonableness analysis in this instance, should a court afford more leniency to a plaintiff who was in solitary confinement before filing suit than a plaintiff not similarly confined? It appears that this kind of inquiry is very probative of whether a plaintiff filed within a reasonable time. Under this analysis, however, the rule of limitations no longer retains the character of an affirmative defense but becomes susceptible to a consideration of the merits.

At the very least, a rule of limitation should not yield inconsistent results from similar factual circumstances. Historical-ly, limitations periods are based upon objective rather than subjective standards.[4] However, because a "reasonableness" analysis must by necessity encompass many factors, the Kentucky approach manifests many difficulties.

This unfettered and subjective application of a "reasonable" limitations rule, therefore, argues for a rule of law that, instead, balances two concerns: 1) the Kentucky policy recognizing the vested interest, albeit procedural, of plaintiffs in the tolling of limitations, and 2) the need for an bright-line rule of limitation. One approach that addresses both concerns is a one-year limitation that begins to run on the effective date of the repeal. Such a rule is fair and equitable. It passes the subjective reasonableness test and it possesses an important element of objective fairness. Under this rule Plaintiff's claim is timely. The Court, therefore, holds that Plaintiff filed this action within reasonable time.

The Court has issued an Order consistent with this Memorandum Opinion.

## ORDER

This matter is before the Court on motion of Defendants for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The Court has thoroughly reviewed the parties' memoranda and has issued a Memorandum Opinion herewith setting forth its conclusions. Therefore, the Court being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the motion of Defendants, Fred Shirley, Gary

---

**3.** At the time of this ruling, the Court was unaware that the Sixth Circuit was contemporaneously ruling on the same question of law. In *Brown v. Wigginton,* 981 F.2d 913 (6th Cir.1992), the Sixth Circuit reached the same result under similar facts, albeit on narrower grounds, as herein. The Sixth Circuit stated, however, that its decision does not purport to set forth a rule to guide all cases. Therefore, the opinion of this Court, which attempts to craft a rule for all cases, may be of interest on this issue.

**4.** Although there is a subjective aspect to the application of statutes of limitations in deter-mining the time of accrual, any inquiry into when a plaintiff should have discovered a wrong is distinguishable from an inquiry into when a plaintiff should have filed a lawsuit. Courts have considerably more guidance in an accrual analysis. Indeed, limitations periods are by their very nature arbitrary. Thus, in determining the end of a limitations period, courts should not label as "reasonable" what is, in fact, an arbitrary determination, which may, in effect, extinguish a plaintiff's cause of action rather than pinpoint its inception.

Lowry, and Mike Harper, and the City of Glasgow, for summary judgment is OVERRULED.

The Court is of the opinion that this Order involves a controlling question of law of which there is substantial ground for difference of opinion and that an immediate appeal from this Order may materially advance the ultimate termination of the litigation. Therefore, this is an appealable interlocutory order and there is no just cause for delay.