COLUMBIA STEEL FABRICATORS, INC.; Stevens Equipment Company, Plaintiffs–Appellants,

v.

AHLSTROM RECOVERY; Aaro Kohonen Oy, Defendants–Appellees.

No. 93–15659.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 16, 1994.*

Decided Jan. 9, 1995.

---

* On motion of appellants, the panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34–4.

Richard M. Peekema, San Jose, CA, for plaintiffs-appellants.

No appearance for Aaro Kohonen Oy defendant-appellee.

Before: HUG, CANBY, and KLEINFELD, Circuit Judges.

## OPINION

KLEINFELD, Circuit Judge:

The district court granted summary judgment *sua sponte* against plaintiffs, even though the defendant had not yet appeared. Another defendant had won summary judgment on the same grounds, and the court found the case to be frivolous. We affirm.

### Facts

Ahlstrom was the general contractor building a boiler for Louisiana Pacific Corporation. Ahlstrom hired Stevens Equipment for steel fabrication, and Stevens contracted with its affiliate Columbia Steel for materials. Ahlstrom hired Aaro Kohonen Oy (AKO), in Finland, for engineering.

Stevens and Columbia made a number of claims against Ahlstrom, including that the engineering was bad and late, costing them more money. Stevens sued Ahlstrom in California state court, and then arbitrated its claims on its own and Columbia's behalf. Stevens prevailed in arbitration, but not on the claims related to the case at bar. After the arbitration award was reduced to judgment in state court, Columbia and Stevens brought this diversity suit.

In this federal case, AKO, the engineering subcontractor in Finland, never appeared. It had been served, but Stevens and Columbia had not filed proof of service, or requested entry of default, so when the district court granted summary judgment, the judge inferred from the record that AKO had not been served. As we analyze the case, the judge's erroneous belief that AKO had not been served does not matter.

Ahlstrom moved for summary judgment. The district judge decided, after full consideration of the submissions on this contested motion, that Ahlstrom was entitled to judgment on alternative independent grounds, res judicata and statute of limitations. She also made an express finding that the lawsuit was "frivolous and vexatious," because all the claims at issue had been before the arbitration panel and had been considered by the arbitrators, were considered again by the arbitrators on Stevens' and Columbia's motion for reconsideration, and were considered again by the state court before it entered judgment based on the arbitration award. Because of the finding of frivolousness and vexatiousness, the district court granted Rule 11 sanctions against Columbia, Stevens, and their attorneys. Columbia and Stevens have settled with Ahlstrom, so the judgment for Ahlstrom, and the Rule 11 sanctions, are not before us on appeal.

At oral argument in district court, when counsel for Columbia and Stevens pointed out that the district court judge's grant of summary judgment to Ahlstrom left open the claims against AKO, the judge said that both defenses applied equally to AKO, and that summary judgment in favor of AKO was appropriate as well. Columbia and Stevens did not object, suggest that any different legal or factual considerations might apply to their claim against AKO, or ask for additional time to make any submission.

### Analysis

■ Columbia and Stevens argue that the district court could not properly grant summary judgment in favor of a defendant who did not appear in the case or move for summary judgment. This proposition may generally be correct, but not always, and not here.

We have upheld dismissal with prejudice in favor of a party which had not yet appeared, on the basis of facts presented by other defendants which had appeared. *Silverton v. Department of Treasury,* 644 F.2d 1341, 1344–45 (9th Cir.), *cert. denied,* 454 U.S. 895, 102 S.Ct. 393, 70 L.Ed.2d 210 (1991).

We have also upheld *sua sponte* summary judgment. *Portsmouth Square v. Sharehold-*

*ers Protective Comm.,* 770 F.2d 866, 869 (9th Cir.1985); *Cool Fuel, Inc. v. Connett,* 685 F.2d 309, 311 (9th Cir.1982). We have specifically upheld *sua sponte* consideration of the res judicata effect of a prior judgment. *McClain v. Apodaca,* 793 F.2d 1031, 1032–33 (9th Cir.1986); *Hawkins v. Risley,* 984 F.2d 321, 324 (9th Cir.1993).

These cases do not necessarily control. They do not go so far as to uphold *sua sponte* summary judgment based on res judicata in favor of a party which has not appeared. Nevertheless, the factual distinctions which might be drawn make no difference here. The reasoning of these earlier authorities applies fully to the case at bar.

■ Columbia and Stevens correctly note that AKO was not a party to its arbitration with Ahlstrom. But collateral estoppel does not require that the party benefitting have been a party to the earlier litigation. Stevens presented against Ahlstrom in the arbitration all claims which it could have presented against Ahlstrom's engineering subcontractor, AKO. The arbitrators found that Stevens did not prove damages caused by the alleged error and delay. This basis for the arbitration award compelled the conclusion, inferred by the district court, that even if Ahlstrom's subcontractor AKO was responsible for whatever error and delay there was, Stevens had exhausted its opportunity to prove damages. It is well established that collateral estoppel can operate in favor of a party which did not litigate the earlier case, in appropriate circumstances. *Green v. Ancora–Citronelle Corp.,* 577 F.2d 1380, 1383–84 (9th Cir.1978); Restatement (Second) of Judgments § 29 (1982). Columbia and Stevens have not demonstrated why they would not be precluded by the arbitration award and judgment in favor of Ahlstrom, which was in privity of contract with AKO.

■ We do not reach the issues raised by the statute of limitations ground for the district court's decision. That defense may possibly raise some different considerations from res judicata. Res judicata doctrine preserves scarce judicial resources, as well as protecting litigants from multiple lawsuits, *see McClain* at 1032–33, so courts have an

independent interest in raising it, even if a party does not.

 *Sua sponte* summary judgment in favor of a nonappearing party should not be routine. We noted in *Portsmouth* that the circumstances for such dismissal on the merits are "limited." *Portsmouth,* 770 F.2d at 869; *see also McClain,* 793 F.2d at 1032–33. It is a dangerous case management technique, because of the increased risk of error in the absence of full adversarial development of the facts and law. But it is not a prohibited technique under the circumstances of this case.

This case was appropriate for *sua sponte* summary judgment for the nonappearing party, AKO. Several circumstances justified the relief. Columbia and Stevens had a full and fair opportunity to brief and present evidence on the issues raised by Ahlstrom. *See State of Nevada Employees Ass'n v. Keating,* 903 F.2d 1223, 1225 (9th Cir.), *cert. denied,* 498 U.S. 999, 111 S.Ct. 558, 112 L.Ed.2d 565 (1990). These were the same issues controlling the AKO determination. The court held oral argument before granting summary judgment for AKO. Columbia and Stevens brought up AKO's presence as a party, and did not suggest to the district court that their case against AKO would require any additional or different evidence or briefing from their case against Ahlstrom. They still have not demonstrated why their case against AKO would not be controlled by the decision in their case against Ahlstrom. They did not ask the district judge for time to consider whether their case against AKO would be different, or to submit any additional papers. Nor did they object to summary disposition at the time and in the manner it was made. The district judge found that the case was frivolous. Our *de novo* review reveals no genuine issue of fact or entitlement against AKO as a matter of law, and affords some protection against defects which might have resulted from surprise. *See Schwartz v. Pillsbury, Inc.,* 969 F.2d 840, 845 n. 3 (9th Cir.1992).

Under these circumstances, *sua sponte* summary judgment avoided what would have otherwise been a considerable and needless burden on AKO and the judicial system in a frivolous case.

AFFIRMED.[1]

---

1. Appellants' "Motion for summary reversal" is    denied.