**Robert Maurice PARKER, Plaintiff,**

v.

**Deputy Sheriff MARCOTTE,
et al., Defendants.**

**No. CV 97–0605 HLH(E).**

United States District Court,
C.D. California.

July 30, 1997.

Robert Maurice Parker, Pro Se.

Richard Kemalyn, Los Angeles, CA, for Defendants.

ORDER ADOPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE

HUPP, District Judge.

IT IS ORDERED that: (1) the Report and Recommendation of the Magistrate Judge is approved and adopted; and (2) Judgment shall be entered dismissing the action with prejudice.

IT IS FURTHER ORDERED that the Clerk serve forthwith a copy of this Order and the Judgment of this date on the Plaintiff and counsel for Defendants.

REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

EICK, United States Magistrate Judge.

This Report and Recommendation is submitted to the Honorable Harry L. Hupp, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 194 of the United States District Court for the Central District of California.

### BACKGROUND AND SUMMARY OF PROCEEDINGS

In March and April of 1993, while incarcerated, Plaintiff allegedly suffered injuries and the deprivation of medical care ("the subject events"). In 1994, Plaintiff filed an action pursuant to section 1983 of Title 42, seeking monetary redress for the subject events. See *Parker v. Block,* CV 94–2258–RG(E) ("the prior action").

By Judgment entered June 24, 1994, this Court dismissed the prior action without prejudice for failure to prosecute. On July 29, 1994, Plaintiff filed an *ex parte* motion requesting that the prior action be dismissed without prejudice. By Minute Order dated August 16, 1994, the Court observed that this *ex parte* motion was moot, in light of the Court's earlier dismissal of the action without prejudice.

On February 4, 1997, Plaintiff filed the present action pursuant to section 1983 of Title 42, seeking monetary redress for the subject events ("the present action"). On February 11, 1997, the Court dismissed the complaint with leave to amend. The Court observed, *inter alia,* that the applicable statute of limitations may bar the present action. See "Memorandum and Order," filed February 11, 1997, at 2–3. Plaintiff filed a First Amended Complaint on March 4, 1997.

Defendants subsequently filed various motions to dismiss, contending, *inter alia,* the applicable statute of limitations bars the present action. Plaintiff has filed opposition to Defendants' motions. The Court has taken the motions under submission without oral argument.

### DISCUSSION

For the reasons discussed herein, the applicable statute of limitations bars the present action. This fundamental defect cannot be cured by amendment. Therefore, the Court should dismiss the present action with prejudice.

 In California, the one year statute of limitations prescribed by California Code of Civil Procedure section 340(3) applies to civil rights claims brought pursuant to 42 U.S.C. section 1983. *Elliott v. City of Union City,* 25 F.3d 800, 802 (9th Cir.1994); *Usher v. City of Los Angeles,* 828 F.2d 556, 558 (9th Cir.1987). Federal law determines when a civil rights claim accrues. *Elliott v. City of Union City,* 25 F.3d at 801–802. A claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Kimes v. Stone,* 84 F.3d 1121, 1128 (9th Cir.1996).

 Plaintiff knew or had reason to know of the injuries that form the basis of the present action in March or April, 1993, the time of the subject events. Plaintiff did not file the present action until February, 1997. Consequently, the one year statute of limitations bars the present action unless the limitations period may be extended or unless the running of limitations has been tolled sufficiently to permit the present action to go forward.

 Plaintiff argues the Court may utilize Rule 6(b) of the Federal Rules of Civil Procedure to extend the applicable statute of limi-

tations. This argument must be rejected. "Rule 6(b) governs enlargement of time periods prescribed by the federal rules or by order of court. The rule does not apply to time periods set out in statutes." 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure 2d § 1165, at 473–75 (1987); *see* 1 James Wm. Moore, et al., Moore's Federal Practice § 6.06(1)(a) (3d ed. 1997) ("In other words, federal courts may not use Rule 6(b) to enlarge time periods established by statutes"); *accord McNicholas v. Elrod,* 1990 WL 186559 *2 (N.D.Ill. 'November 17, 1990). Specifically, therefore, the Court may not utilize Rule 6(b) to extend the statute of limitations. *See also Hammons v. Intern'l Playtex, Inc.,* 676 F.Supp. 1114, 1118 (D.Wyo.1988), *vacated on other grounds,* 872 F.2d 963 (10th Cir.1989).

■ Plaintiff argues that the prior action tolled the statute of limitations or otherwise should affect the timeliness or untimeliness of the present action. This argument also must be rejected. "Absent a savings statute which specifically permits a plaintiff to refile an action after a dismissal not on the merits within a limited period of time (there is no federal savings statute), the law is clear that a dismissal without prejudice leaves the situation the same as if the suit had never been brought." *McClendon v. North Am. Rockwell Corp.,* 1970 WL 106 *6 (C.D.Cal. April 27, 1970); *accord Ford v. Sharp,* 758 F.2d 1018, 1023 (5th Cir.1985) ("[f]or purposes of the statute of limitations, the plaintiff receives no credit or tolling for the time that elapsed during the pendency of the original suit"); *Humphreys v. United States,* 272 F.2d 411, 412 (9th Cir.1959) (voluntary dismissal without prejudice "leaves the situation the same as if the suit had never been brought in the first place"); *Spannaus v. U.S. Dept. of Justice,* 643 F.Supp. 698, 703 (D.D.C.1986), *affd.,* 824 F.2d 52 (D.C.Cir. 1987) ("the dismissal without prejudice did not affect the running of the statute"). For this purpose, the voluntary or involuntary nature of the dismissal without prejudice is irrelevant. *See* 8 James Wm. Moore, et al., Moore's Federal Practice § 41.50(7)(b) (3d

ed. 1997) ("When the district court elects to dismiss an action without prejudice under Rule 41(b), the dismissal leaves the parties in the same legal position as if no suit had been filed. As a consequence, the statute of limitations is not tolled by the filing of the original suit."); *Hilbun v. Goldberg,* 823 F.2d 881, 883 (5th Cir.1987), *cert. denied,* 485 U.S. 962, 108 S.Ct. 1228, 99 L.Ed.2d 427 (1988) (when a federal court dismisses an action without prejudice for failure to prosecute, the dismissal "leaves the parties in the same legal position as if no suit had ever been filed"); *Dupree v. Jefferson,* 666 F.2d 606, 611 (D.C.Cir.1981) ("the pivotal question is whether the dismissal was with or without prejudice, not whether it was voluntary or involuntary"). In any event, Plaintiff coincidentally manifested a desire for *voluntary* dismissal of the prior action within the same time frame the Court "involuntarily" dismissed the prior action.

Plaintiff argues his continuous incarceration has tolled the running of the statute of limitations sufficiently to render the present action timely. Although this argument raises a difficult issue of statutory interpretation, this argument also must be rejected.

■ State law determines the applicability of tolling doctrines in civil rights actions. *Hardin v. Straub,* 490 U.S. 536, 109 S.Ct. 1998, 104 L.Ed.2d 582 (1989). Until January 1, 1995, civil rights actions were subject to the tolling provisions of former California Code of Civil Procedure section 352(a)(3). Former section 352(a)(3) provided that if a person were, at the time of accrual of the claim, "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life," the time of such imprisonment would toll the running of the statute of limitations. See *Elliott v. City of Union City,* 25 F.3d 800, 802 (9th Cir.1994).

Effective January 1, 1995,[1] the 1994 California Legislature amended section 352 to delete the provision concerning tolling of prisoner claims. At the same time, the Legislature added section 352.1. Section 352.1

---

**1.** *See* Cal. Const., Art. 4, § 8 (defining effective date of statutes enacted at a regular legislative session as the January 1 next following the 90 day period after the date of enactment).

imposes a two year limit on tolling due to incarceration. Section 352.1 provides, in pertinent part, that if a person were, at the time of accrual, "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not part of the time limited for the commencement of the action, *not to exceed two years*" (emphasis added).

The present action requires that the Court determine how (if at all) section 352.1 applies to prisoners' claims that accrued prior to January 1, 1995. At least four options present themselves. The Court conceivably could: (1) give section 352.1 full retroactive effect; (2) refuse to apply section 352.1 to claims that accrued prior to January 1, 1995 and, instead, apply former section 352(a)(3) to those claims regardless of when the claims are filed; (3) toll until January 1, 1997, claims that accrued prior to January 1, 1995, regardless of how long ago the claims accrued; or (4) toll all claims that accrued prior to January 1, 1995 for two years from accrual, or until January 1, 1995, whichever occurs later.[2]

■■■ In interpreting a California statute, "[f]irst, the court should ascertain the intent of the Legislature so as to effectuate the purpose of the law. Secondly, the provision must be given a reasonable and common sense interpretation consistent with the apparent purpose and intention of the lawmakers, practical rather than technical in nature, which upon application will result in wise policy rather than mischief or absurdity." *DeYoung v. City of San Diego,* 147 Cal. App.3d 11, 18, 194 Cal.Rptr. 722, 726 (1983) (citations and quotations omitted); *see Building Industry Ass'n v. Camarillo,* 41 Cal.3d 810, 819, 226 Cal.Rptr. 81, 86, 718 P.2d 68, 73 (1986) ("The cardinal rule of statutory construction is to ascertain and give effect to the intent of the Legislature"); *see generally* 7 Bernard E. Witkin, Summary of California Law, *Constitutional Law § 94* (9th Ed.1988). A statute "should be construed to eliminate doubts as to the provision's constitutionality." *Building Industry Ass'n v. Ca-*

*marillo,* 41 Cal.3d 810, 816, 226 Cal.Rptr. 81, 84, 718 P.2d 68, 71 (1986); *accord Shealor v. Lodi,* 23 Cal.2d 647, 653, 145 P.2d 574, 577 (1944); *see also In re M.S.,* 10 Cal.4th 698, 710, 42 Cal.Rptr.2d 355, 361, 896 P.2d 1365 (1995) ("[w]e are bound, if possible, to construe a statute in a fashion that renders it constitutional")

In repealing section 352(a)(3) and enacting section 352.1, the California Legislature manifestly intended to limit the ability of prisoners to bring lawsuits based on remote facts. "By enacting this legislation, the Legislature intends to limit the ability to bring lawsuits by prisoners when the facts that give rise to the lawsuits are old, and difficult to prove or disprove." 1994 Cal. Legis. Serv. Ch. 1083, § 1, S.B. No. 1445 (West) With this legislative purpose (and the applicable rules of statutory interpretation) in mind, the Court examines its four options.

Option one would limit to two years the tolling available for all claims accruing prior to January 1, 1995. Perhaps option one would follow most naturally from the language of the enactment ("not to exceed two years") and from the Legislature's evident purpose. The three other options would permit more than two years of tolling for all claims accruing prior to January 1, 1993.

■■■ Option one would raise significant constitutional concerns, however. The effect of section 352.1 is somewhat akin to the effective of a new, shorter statute of limitations; The constitution requires that statutes of limitations "allow a reasonable-time after they take effect for the commencement of suits upon existing causes of action." *Block v. North Dakota,* 461 U.S. 273, 286 n. 23, 103 S.Ct. 1811, 1819 n. 23, 75 L.Ed.2d 840 (1983) (quotations omitted); *Ochoa v. Hernandez y Morales,* 230 U.S. 139, 161–62, 33 S.Ct. 1033, 1042, 57 L.Ed. 1427 (1913) ("[w]ith reference to statutes of limitations, it is well settled that they may be modified by shortening the time prescribed, but only if this be done while the time is still running, and so that a reasonable time still remains for the com-

---

**2.** The Court hereinafter refers to these enumerated possibilities as "options one, two, three and four," respectively.

mencement of an action before the bar takes effect"); *see also Rosefield Packing Co. v. Superior Ct.,* 4 Cal.2d 120, 122, 47 P.2d 716 (1935) (" [i]f the statute operates immediately to cut off the existing remedy, or within so short a time as to give the party no reasonable opportunity to exercise his remedy, then the retroactive application of it is unconstitutional as to such party"); *Bell v. Hummel & Pappas,* 136 Cal.App.3d 1009, 1018 n. 10, 186 Cal.Rptr. 688, 695 (1982) ("[t]he legislature may shorten a procedural statute of limitations and apply it retroactively provided a 'reasonable opportunity' is given to exercise a remedy which would otherwise be materially affected by the new statute of limitations").

Full retroactive application of section 352.1 as of January 1, 1995 would leave all prisoners whose claims accrued prior to January 1, 1992 without *any* time within which to seek a remedy. (The two years of tolling plus one year of limitations for such claims would expire by the end of 1994). This result would appear both equitable and constitutionally impermissible. *Id.; cf Usher v. Los Angeles,* 828 F.2d 556, 559–61 (9th Cir.1987) (refusing to accord full retroactive effect to the Supreme Court decision in *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), which shortened the limitations period for California civil rights plaintiffs).

At the other end of the spectrum is option two: refusal to apply section 352.1 to any claims accruing prior to January 1, 1995. Option two would allow the timely filing in the next century of claims accruing in 1965 (or earlier). Such interpretation would-not appear to implement legislative intent. See 1994 Cal. Legis. Serv. Ch. 1083, § 1, S.B. No. 1445 (West); *see also Lent v. Doe,* 40 Cal.App.4th 1177, 1184–85, 47 Cal.Rptr.2d 389, 393 (1995) ("[s]tatutes of limitations in civil actions are procedural, not substantive, and are not subject to the general rule against statutory retroactivity") (citations omitted); *Sanchez v. Workers' Compensation Appeals Board,* 217 Cal.App.3d 346, 357, 266 Cal.Rptr. 21, 28 (1990) ("[i]n general, statutes of limitations, being procedural, are retroactively applied to accrued causes of action"); *Aronson v. Superior Court,* 191 Cal.App.3d

294, 236 Cal.Rptr. 347 (1987) (retroactively applying legislation that effectively shortened tolling due to minority). Option two also would lead to the anomalous result that a claim accruing on January 2, 1995 would be barred after January 2, 1998, even though a much more stale claim, such as one that accrued in 1965, would never be barred as long as the prisoner remained alive and incarcerated. *See Gonsalves v. Flynn,* 981 F.2d 45, 47 n. 3 (1st Cir.1992) (declining to apply state tolling law in effect at time claim accrued when state amended tolling law before prisoner filed claim); *Henson–El v. Rogers,* 923 F.2d 51, 53 (5th Cir.), *cert. denied,* 501 U.S. 1235, 111 S.Ct. 2863, 115 L.Ed.2d 1030 (1991) (same); *Ali v. Higgs,* 892 F.2d 438, 439 (5th Cir.1990) (same)

Option three suffers from some of the same infirmities as option two, albeit to a lesser degree. Option three would toll some prisoners' claims for a period far in excess of the two years contemplated by the Legislature. In fact, option three would toll for a period exceeding two years all claims accruing prior to January 1, 1995. Option three thereby would flout section 352.1's express intendment that tolling "not ... exceed two years." Option three would treat identically a claim accruing in 1994 and a claim accruing in 1965. It would allow extremely old claims to age another two years after section 352.1's effective date before the one year statute of limitations even would begin to run. In short, option three would not be consonant with legislative intent. *See* 1994 Cal. Legis. Serv. Ch. 1083, § 1, S.B. No. 1445 (West) *see also Aronson v. Superior Court,* 191 Cal. App.3d 294, 236 Cal.Rptr. 347 (1987) (plaintiff, whose claim accrued in 1971, held bound by 1975 enactment which effectively reduced filing period from eighteen years to eight years, with no additional tolling). Two District Judges in the Northern District of California at least implicitly have rejected option three. See *Gonzales v. Cambra,* 1996 WL 459966 (N.D.Cal. August 2, 1996) (applying limitations in August 1996 to bar prisoner's civil rights claim accruing in February, 1992); *Carver v. Neal,* 1996 WL 207146 (N.D.Cal. April 19, 1996) (dismissing as time-barred

action filed in March, 1995 where civil rights claim accrued in 1991).[3]

 This Court believes option four best implements the intent of the Legislature, while satisfying constitutional concerns. Option four tolls claims that accrued prior to January 1, 1995 for two years from accrual, or until January 1, 1995, whichever occurs later. All prisoners thereby receive a minimum of one additional year from the effective date of section 352.1 within which to file even the remotest of civil rights claims. Unlike option one, option four would avoid constitutional problems. *See Street v. Vose,* 936 F.2d 38, 40–41 (1st Cir.1991), *cert. denied,* 502 U.S. 1063, 112 S.Ct. 948, 117 L.Ed.2d 117 (1992) (upholding constitutionality of state statute eliminating incarceration-related tolling, where prisoners received only 90 days after enactment within which to file their claims); *Smith v. Glasgow,* 809 F.Supp. 514, 516 (W.D.Ky.1992) (applying one year limitations from date of repeal of incarceration-related tolling statute); *Bell v. Hummel & Pappas,* 136 Cal.App.3d 1009, 1018 n. 10, 186 Cal.Rptr. 688, 695 (1982) ("[a]ppellant here was given a year after January 1, 1978, more than a reasonable time, to file his action after the one year statute of limitations became effective, and consequently the new statute may be applied to appellant....") Unlike option two, option four would not allow the filing of remote claims into the next century limited only by the longevity of prisoners. Unlike option three, option four would not toll all claims accruing prior to January 1, 1995 for a period exceeding two years. In brief, option four best implements legislative intent, while satisfying constitutional concerns.

The application of option four requires that the present action be dismissed as time-barred. Plaintiff's claims accrued, at the lat-

est, in April, 1993. Thus, the two years of tolling expired no later than April, 1995 and the one year statute of limitations began to run at that time. The statute of limitations expired no later than April, 1996. Plaintiff filed the present action in February, 1997.

 Where, as here, it is absolutely clear that the fundamental defects in an action filed *pro se* cannot be cured by amendment, dismissal with prejudice is appropriate. *See Karim–Panahi v. Los Angeles Police Department,* 839 F.2d 621, 623 (9th Cir.1988). It is absolutely clear that the applicable, fundamental bar of limitations cannot be cured by amendment.

THEREFORE, IT IS RECOMMENDED that the Court issue an order:

(1) approving and adopting this Report and Recommendation; and (2) directing that judgment be entered dismissing the action with prejudice.[4]

DATED: June 24, 1997.

---

**3.** The *Carver* court observed it was unclear whether plaintiff had been a prisoner throughout 1991–95, but indicated the statute of limitations would bar plaintiff's claim even if plaintiff had been incarcerated continuously during this time.

**4.** The entire action should be dismissed, even though there exist unserved Defendants who have not yet appeared in the present action. These Defendants, who likely would be represented by the same counsel representing moving

Defendants, reasonably may be expected to raise the bar of limitations. *Cf. Columbia Steel Fabricators v. Ahlstrom Recovery,* 44 F.3d 800 (9th Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 178, 133 L.Ed.2d 117 (1995) (permitting summary judgment in favor of nonappearing party, where appropriate). Continuance of the Marshal's efforts to serve belatedly the unserved defendants thus would serve no useful purpose.