*528 MEMORANDUM **
Cau-Min Li, Jenny Tong, and Michael Goudie appeal pro se from the Bankruptcy Appellate Panel’s (“BAP”) decision affirming the bankruptcy court’s orders denying their second motion for default judgment and dismissing their adversary proceeding. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo the BAP’s decision. Turtle Rock Meadows Homeowners Ass’n v. Slyman (In re Slyman), 234 F.3d 1081, 1085 (9th Cir.2000). We affirm.
The BAP properly concluded that the bankruptcy court did not abuse its discretion by denying the motion for default judgment because Li, Tong, and Goudie failed to present evidence that the debt was incurred by false statements, fraud, or a willful and malicious injury, and failed to present evidence that the debtors knowingly and fraudulently made false statements in their bankruptcy documents. See 11 U.S.C. §§ 523(a)(2), 523(a)(6), 727(a)(4)(A); Field v. Mans, 516 U.S. 59, 66, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995) (explaining the circumstances under which § 523(a)(2)(A) and (B) bar a debt from discharge); Ditto v. McCurdy, 510 F.3d 1070, 1077 (9th Cir.2007) (indicating that the “willful and malicious injury” exception under § 523(a)(6) is limited to cases in which the debtor intends to cause injury); Fogal Legware of Switz., Inc. v. Wills (In re Wills), 243 B.R. 58, 62-64 (9th Cir. BAP 1999) (discussing the denial of discharge under § 727(a)(4)(A)).
The BAP properly concluded that the bankruptcy court did not err when it dismissed the adversary proceeding because Li, Tong, and Goudie (1) had a full and fair opportunity to present their arguments and evidence in connection with their two motions for default judgment; (2) failed to demonstrate any basis for finding the debt nondischargeable under § 523(a) or for denying discharge under § 727(a); and (3) did not ask the bankruptcy court for additional time to conduct discovery or to file supplemental briefs. See Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery, 44 F.3d 800, 803 (9th Cir.1995).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.