**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BENJAMIN D. WINIG, on Behalf of Himself and All Others Similarly Situated, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> CINGULAR WIRELESS, LLC; et al., <br><br> Defendants - Appellees. | No. 08-17073 <br><br> D.C. No. 3:06-cv-04297-MMC <br><br> MEMORANDUM [*] |

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, District Judge, Presiding

Argued and Submitted November 6, 2009
San Francisco, California

Before: B. FLETCHER, CANBY, and GRABER, Circuit Judges.

Plaintiff Benjamin D. Winig appeals from a district court order granting

summary judgment in favor of Defendants Cingular Wireless, LLC; AT&T

Mobility, LLC; and AT&T Mobility Corporation. We review the district court's

grant of summary judgment de novo and will reverse if we determine that there is a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

genuine issue of material fact for trial. *See W. States Med. Ctr. v. Shalala*, 238 F.3d 1090, 1093 (9th Cir. 2001).

Winig argues primarily that Defendants breached their contract with him by failing to treat his calls to check his voicemail as "mobile-to-mobile" calls. In relevant part, the contract provides that mobile-to-mobile calls are "[c]alls to and from other local Cingular customers" and that mobile-to-mobile minutes "may be used when directly dialing or receiving calls from any other Cingular phone number." It further provides that voicemail calls constitute "airtime" or "Chargeable Time."

The district court correctly granted summary judgment to Defendants on Winig's breach of contract claim. It is clear that voicemail calls constitute "airtime" and may, as a general matter, be billed to subscribers. It is further clear that voicemail calls do not fall under the definition of mobile-to-mobile calls, notwithstanding the existence of a behind-the-scenes technical process that routes voicemail calls through a Cingular "pilot number." Reading the contract as a whole, with each provision helping to interpret the others, and giving words their ordinary meaning, *see* Cal. Civ. Code §§ 1641, 1644, we find that the contract's two treatments of "mobile-to-mobile" are easily harmonized. The natural reading of these provisions is that mobile-to-mobile minutes apply to calls from one

Cingular customer's mobile telephone to another Cingular customer's mobile telephone. The contract is not reasonably susceptible to Winig's proposed interpretation that mobile-to-mobile calls include calls that are to another Cingular number only because of the technical routing of the calls through a pilot number. *See Northrop Grumman Corp. v. Factory Mut. Ins. Co.*, 563 F.3d 777, 783 (9th Cir. 2009); *Cedars-Sinai Med. Ctr. v. Shewry*, 41 Cal. Rptr. 3d 48, 60 (Ct. App. 2006).

The remainder of Winig's claims are premised on the same proposed interpretation of the contract that we have just rejected. The district court properly granted summary judgment on these claims.

Winig's remaining arguments for reversal also fail. The district court properly granted summary judgment on Winig's Second Amended Complaint, as it was substantively identical to his First Amended Complaint. The district court also properly granted summary judgment as to Defendants AT&T Mobility, LLC and AT&T Mobility Corporation. Winig's claims against these parties were identical to his claims against Cingular, and Winig had a full and fair opportunity to present his claims. *See Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery*, 44 F.3d 800, 803 (9th Cir. 1995).

**AFFIRMED.**