David M. **FINK**, Plaintiff–Appellant,

v.

L. **SHEDLER**; Susan Hubbard; J. Valedez; M. Jones; T. Rosario; D. Chefthaw; Theo White, Defendants–Appellees.

No. 98–15668.

United States Court of Appeals, Ninth Circuit.

Submitted April 12, 1999 [1].

Decided September 23, 1999.

As Amended on Denial of Rehearing and Rehearing En Banc Dec. 13, 1999.[*]

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[*] Judge Trott has voted to deny appellant's petition for rehearing en banc, and Judges Beezer and King so recommend.

David M. Fink, pro se, Anaheim, California, for the plaintiff-appellant.

James E. Flynn, Deputy Attorney General, Sacramento, California, for the defendants-appellees.

Before: Beezer and Trott, Circuit Judges, and King,[2] District Judge.

KING, District Judge.

David M. Fink appeals pro se the dismissal of his action brought pursuant to 42 U.S.C. § 1983. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**2.** Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

## BACKGROUND

Fink seeks damages for alleged Eighth Amendment violations, primarily for inadequate medical treatment while he was incarcerated. In his complaint, Fink alleges that his leg was injured on September 2, 1993, after a prison guard beat Fink while handcuffed. He walked on the leg for eight weeks without crutches. On November 9, 1993, a prison doctor allegedly refused to treat his leg or to issue crutches. Fink was released from prison on August 27, 1996 and commenced this action on May 29, 1997.

The district court dismissed Fink's complaint as time-barred, thus applying California Civil Procedure Code § 352.1 retroactively. As amended in 1994, section 352.1 limits tolling of limitations periods to two years for prisoners incarcerated for less than life. Before the California Legislature passed section 352.1, imprisonment was a disability that tolled statutes of limitations for the entire prison term. *See* Cal.Civ.Proc.Code § 352(a)(3) (repealed effective January 1, 1995).[3]

The district court also refused to equitably toll the statute of limitations. Fink had at least one other prisoner section 1983 action pending in the district court while the statute of limitations for the instant claims was running. He initially sought to bring his Eighth Amendment claims by way of amendment to that pending action (*Fink v. Gomez,* No. Civ. S-94-1521 (E.D.Cal. Sept. 24, 1994) ("*Gomez*")). After several failed attempts to amend *Gomez,* he filed this action.

The timing of events is critical. The following is the relevant time line:

Date Events

11/9/1993 Prison doctor allegedly refuses proper medical treatment.

9/29/1994 California Legislature amends former Cal.Civ.Proc.Code § 352(a)(3) to delete unlimited tolling for prisoners. Legislature adds section 352.1.

1/1/1995 Section 352.1 takes effect.[4]

11/13/1995 Fink files motion for leave to amend complaint in *Gomez.*

4/10/1996 Motion to amend in *Gomez* denied without prejudice.

8/27/1996 Fink released from prison.

9/19/1996 Fink renews motion to amend in *Gomez.*

10/8/1996 Renewed motion to amend in *Gomez* denied.

11/5/1996 Fink files another motion to amend in *Gomez.*

11/9/1996 Statute of limitations expires (if California's tolling statute applies retroactively).

1/2/1997 Motion to amend in *Gomez* again denied (by magistrate judge).

3/18/1997 Order denying motion to amend affirmed by district judge.

4/30/1997 Fink files another motion to amend in *Gomez.*

5/29/1997 Instant action commenced.

6/3/1997 Another proposed amended complaint in *Gomez* lodged.

7/16/1997 Motion to Amend again denied in *Gomez.*

3/25/1998 District Judge adopts Findings and Recommendations of Magistrate Judge, dismissing action as time-barred.

4/6/1998 Fink timely appeals.

## DISCUSSION

▮ The district court's dismissal on statute of limitations grounds presents a

---

**3.** Section 352(a)(3) provided in relevant part: (a) If a person entitled to bring an action ... be, at the time the cause of action accrued, either: (3) Imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life; the time of such disability is not a part of the time limited for the commencement of the action. Cal.Civ.Proc.Code § 352(a)(3) (1994).

**4.** *See Ellis v. City of San Diego,* 176 F.3d 1183 (9th Cir.1999).

question of law reviewed de novo. *See Hernandez v. City of El Monte*, 138 F.3d 393, 398 (9th Cir.1998). Section 1983 does not contain a statute of limitations. Rather, federal courts apply the forum state's personal injury statute of limitations for section 1983 claims. *See Wilson v. Garcia*, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). In California, the applicable statute of limitations is one year. *See Elliott v. City of Union City*, 25 F.3d 800, 802 (9th Cir.1994). Federal courts also apply a forum state's law regarding tolling, including equitable tolling when not inconsistent with federal law. *See Hardin v. Straub*, 490 U.S. 536, 537–39, 109 S.Ct. 1998, 104 L.Ed.2d 582 (1989); *Bacon v. City of Los Angeles*, 843 F.2d 372, 374 (9th Cir.1988). Federal law, however, governs when a claim accrues. *See Elliott*, 25 F.3d at 801–02. A claim accrues when the plaintiff knows, or should know, of the injury which is the basis of the cause of action. *See Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir.1996).

■ According to Fink's complaint, he was denied proper medical treatment on November 9, 1993 when the prison doctor allegedly failed to treat (or improperly treated) his injured leg. The district court properly concluded that the Eighth Amendment claims accrued on this date (at the latest), when Fink knew, or should have known, of the injury which forms the basis of the cause of action. *See id.* Fink's complaint was not filed until May 29, 1997—over three and a half years after

accrual. Thus, the one-year statute of limitations barred the action, unless the period was tolled for more than two and a half years.

## A. Retroactivity of section 352.1

■ For a prisoner incarcerated for a term less than life, section 352.1 of the California Civil Procedure Code[5] tolls the statute of limitations for two years.[6] Section 352.1, however, only became effective on January 1, 1995. *See Ellis*, 176 F.3d at 1189. Before section 352.1 was passed, prisoners could toll claims for their entire sentence if less than life. *See id.* Therefore, the dispositive issue is whether application of section 352.1 retroactively to the posture of this case would impermissibly bar Fink's Eighth Amendment claims.

■ "[W]e apply federal law, not state law, in deciding whether to apply the amended [section 352.1] retroactively." *TwoRivers v. Lewis*, 174 F.3d 987, 993 (9th Cir.1999) (citations omitted).[7] In *TwoRivers*, we examined federal retroactivity law as applied to a change to an Arizona statute regarding tolling of claims while a person is incarcerated. *TwoRivers* applied the analysis set forth in *Landgraf v. USI Film Products*, 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994). The test begins with legislative intent. Absent clear evidence of such intent, courts next examine whether the new statute would have retroactive effect. "To assist us in this inquiry, *Landgraf* identified three types of laws which generally do

---

5. The section provides in pertinent part:

§ 352.1 Disability of imprisonment

(a) If a person entitled to bring an action ... is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not part of the time limited for the commencement of the action, *not to exceed two years.*

Cal.Civ.Proc.Code § 352.1 (emphasis added).

6. Section 352.1(c) specifically excludes from tolling section 1983 actions relating to conditions of confinement, other than actions for

damages. Because Fink sought damages, however, subsection 352.1(c) does not apply.

7. Under California law, "statutes of limitations ... are normally retroactively applied to accrued causes of action[.]" *Aronson v. Superior Court*, 191 Cal.App.3d 294, 297, 236 Cal. Rptr. 347, 349 (1987) (citations omitted). "[T]he court must inquire whether, in a given case, that retrospective application may violate due process by in effect eliminating the plaintiff's right. If the time left to file suit is reasonable no such constitutional violation occurs, and the statute is applied as enacted." *Id.*

not have retroactive effect: those authorizing prospective relief, those conferring or removing jurisdiction, and those statutes properly characterized as procedural." *TwoRivers*, 174 F.3d at 994. "[P]rocedural statutes generally may be applied retrospectively without giving rise to concerns about retroactivity." *Id.* However, in *Landgraf* the Supreme Court took pains to dispel the notion that retroactivity concerns have no application to procedual rules. *See Martin v. Hadix*, 119 S.Ct. 1998, 2006 (1999) (citing *Landgraf*). More recently, the Court made clear that "[w]hen determining whether a new statute operates retroactively, it is not enough to attach a label (e.g., 'procedural' or 'collateral') to the statute; we must ask whether the statute operates retroactively." *Id.* We have followed this requirement, and have "consistently rejected the retroactive application of procedural statutes which result in manifest injustice." *TwoRivers*, 174 F.3d at 994.

Applying this analysis, *TwoRivers* held that retrospective application of the new Arizona statute to the plaintiff would indeed be "manifestly unjust." *Id.* at 995. Retrospective application would have left the plaintiff with less than three months from the new statute's effective date to file suit. *TwoRivers* held that "a time period of less than three months does not constitute a reasonable time for a prisoner to file suit." *Id.* at 996.

Here, the district court determined that Fink's claim expired on November 9, 1996. This date included two years of tolling under section 352.1 plus the one-year limitations period. The district court found that applying section 352.1 retroactively to Fink's action did not violate due process. Applying the *TwoRivers* analysis, we find that the district court was correct.

Initially, we note that the California Legislature did not specifically indicate that section 352.1 was to be applied prospectively only. "In repealing section 352(a)(3) and enacting section 352.1, the California Legislature manifestly intended

to limit the ability of prisoners to bring lawsuits based on remote facts." *Parker v. Marcotte*, 975 F.Supp. 1266, 1270 (C.D.Cal.1997). "By enacting this legislation, the Legislature intend[ed] to limit the ability to bring lawsuits by prisoners when the facts that give rise to the lawsuits are old, and difficult to prove or disprove." *Id.* (quoting 1994 Cal. Legis. Serv. Ch. 1083, § 1, S.B. No. 1445 (West)).

Therefore, we next examine whether retroactive application of section 352.1 to Fink's action results in "manifest injustice." It does not. Fink had ample time to bring suit; he simply waited too long. Fink's claim accrued on November 9, 1993, when the doctor allegedly mistreated him. He had at least three years to file this action.[8] He also had a reasonable time to bring suit after section 352.1 became effective on January 1, 1995. *Cf. TwoRivers*, 174 F.3d at 996. Moreover, Fink had at least constructive notice of the new tolling provision in November of 1994, when the California Legislature passed section 352.1. He also had over two and a half months after his actual release from prison to bring this suit. Instead, he waited another six months, until May of 1997, to file this action. Retroactive operation of section 352.1, applied to the posture of this case, does not result in "manifest injustice." *See id.* at 995 ("We need not go so far as to hold that TwoRivers has a 'vested right' in his tolled two-year statute of limitations. It is enough to conclude that retroactive operation of the new statute results in 'manifest injustice' and therefore its application here is inappropriate") (citations omitted). Unlike the plaintiff in *TwoRivers*, who had less than three months to bring suit after the new statute became effective, Fink had almost two years (if the statute of limitations expired on November 9, 1996) to bring suit after section 352.1 took effect.

Under our application, section 352.1 applies retroactively as long as a plaintiff had a reasonable time after January 1, 1995 to bring suit. *See Texaco, Inc. v. Short*, 454 U.S. 516, 527 n. 21, 102 S.Ct. 781, 70 L.Ed.2d 738 (1982) (reasoning that new

---

**8.** Even if Fink didn't know he had a claim in November of 1993, he certainly knew he had

a potential claim before November 13, 1995, when he first attempted to amend *Gomez*.

statutes of limitation must allow "a reasonable time after they take effect for the commencement of suits upon existing causes of action") (quoting *Wilson v. Iseminger*, 185 U.S. 55, 62, 22 S.Ct. 573, 46 L.Ed. 804 (1902)). This approach also makes sense when compared to other possibilities such as (1) applying section 352.1 to all claims regardless of when they accrued, or (2) only applying the section to claims accruing after January 1, 1995. As the court analyzed in *Parker*, barring per se all claims that accrued before 1995 would raise constitutional concerns. *See Parker*, 975 F.Supp. at 1270. On the other hand, only applying the section to claims accruing after January 1, 1995 would allow *every* prior claim, no matter how old, to survive as long as the prisoner lived and remained incarcerated.

Under our approach, claims such as Fink's that accrued before January 1, 1995 are tolled for two years from accrual, or until January 1, 1995, whichever occurs later, as long as such an application does not result in manifest injustice. *See TwoRivers*, 174 F.3d at 995–96; *Parker*, 975 F.Supp. at 1272. In addition to satisfying the constitutional concerns analyzed in *TwoRivers*, this interpretation implements the California Legislature's intent to "limit the ability to bring lawsuits by prisoners when the facts that give rise to the lawsuits are old, and difficult to prove or disprove," 1994 Cal. Legis. Serv. Ch. 1083, § 1, S.B. No. 1445 (West).

### B. Equitable Tolling

■■■■■ Fink next argues that the district court should have equitably tolled the statute of limitations. Under California law, a plaintiff must meet three conditions to equitably toll a statute of limitations: "(1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's

conduct must have been reasonable and in good faith." *Bacon*, 843 F.2d at 374.

The first two conditions are not at issue and appear to support the application of tolling. As for the third condition, Fink points out that he attempted (within the limitations period) to amend *Gomez* to add his Eighth Amendment claims. He argues that he acted "reasonably and in good faith" by filing the instant action only after he exhausted his attempts to bring the claims by way of amending *Gomez*. We reject this argument.

Gomez dealt with (1) allegedly improper classification and placement in a special holding unit, (2) an Eighth Amendment violation regarding improper use of electric shavers (passing of blood among prisoners by broken shaving heads), and (3) inadequate access to the prison law library. In contrast, the instant action involves inadequate medical care arising from a leg injury allegedly caused by a prison guard. This claim is completely unrelated and does not arise from the same transaction or occurrence as the *Gomez* claims. In his proposed amendments to *Gomez*, Fink sought to add seventeen new defendants and four new causes of action to *Gomez* (including some others that are not the subject of the instant action). He sought to do so in the midst of summary judgment proceedings in that case. Motions to amend were denied in *Gomez* at least twice *before* the statute of limitations ran on the instant Eighth Amendment claims, and at least twice *after* it ran. Moreover, Fink was still attempting to amend *Gomez* to add the same claims even *after* filing this case.[9] In all, it appears Fink tried at least four times to amend *Gomez*.

Fink's actions were not a "reasonable and good faith" effort to pursue his claims in an alternate forum or case. *See Bacon*, 843 F.2d at 374. Rather, Fink unreasonably sought multiple times to amend an

---

9. This is at least some indication that Fink might have known his claims in this case were late, and was attempting to benefit from

a "relation back" theory by amending. *See* Fed.R.Civ.P. 15(a).

unrelated complaint to add different claims against different defendants. If anything, Fink's efforts demonstrate his subjective knowledge—well within the statutory limitations period—that he had possible section 1983 claims based upon the November 1993 medical care. The district court properly refused to equitably toll the statute of limitations.

## CONCLUSION

Applying section 352.1 retroactively does not result in manifest injustice to Fink. The circumstances do not justify equitable tolling.

AFFIRMED.