**Teresa BARBER; et al., Plaintiffs—Appellants,**

v.

**MUNICIPALITY OF LOS ANGELES; et al., Defendants—Appellees.**

No. 02–56085.

D.C. No. CV–00–08611–MMM.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 12, 2002.

Before GOODWIN, TROTT and GRABER, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, appellants' request for oral argument is denied.

## MEMORANDUM **

California state prisoner Anthony Barber, his wife Teresa Barber, and his mother Mary L. Giles, appeal pro se the district court's dismissal of their 42 U.S.C. § 1983 action as barred by the statute of limitations. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Fink v. Shedler,* 192 F.3d 911, 913–14 (9th Cir. 1999), and we affirm.

Appellants contend that the district court should have tolled the running of the statute of limitations period because of Anthony Barber's mental disability. The district court properly concluded that limitations period should not be tolled because Barber's prosecution of the underlying action shows that he was capable of transacting business and understanding the nature and effects of his acts despite his alleged mental disability. *See* Cal. Civ. P.Code § 352(a) (providing that the limitation period is tolled for the period of disability caused by a plaintiff's insanity); *Hsu v. Mt. Zion Hospital,* 259 Cal.App.2d 562, 66 Cal.Rptr. 659, 664 (Cal.Dist.App.1968), (holding that a person is "insane" under California law for tolling purposes if he is "incapable of caring for his property or transacting business, or understanding the nature or effects of his acts"); *see also Fink,* 192 F.3d at 914 (holding that California's one-year statute of limitations and tolling provisions apply to section 1983 actions).

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).