**Brian Terrell HILL, Plaintiff—Appellant,**

v.

**K.W. PRUNTY; Silvia Huerta Garcia; Warren G. Ledbetter; Director of Corrections; A. Dymond, Sgt.; J.J. Cortez; Darlene Ayers–Johnson; Linda Melching; C.A. Terhune, Director of the California Department of Corrections, Defendants—Appellees.**

No. 01–55839.

D.C. No. CV–00–00012–J(LAB).

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2002.*

Decided Jan. 8, 2003.

Before BEEZER, KOZINSKI and WARDLAW, Circuit Judges.

MEMORANDUM**

Hill alleges that he was involuntarily exposed to environmental tobacco smoke in violation of his Eighth Amendment rights from April 27, 1993, to June 23, 1996, while he was incarcerated in state prison. Under California law, the statute of limitations for section 1983 actions is one year. *Fink v. Shedler,* 192 F.3d 911, 913–14 (9th Cir.1999). But for continuing violations, the clock does not begin to run until the violation ends, *see Green v. L.A. County Superintendent of Schs.,* 883 F.2d 1472, 1480–81 (9th Cir.1989), and the statute is tolled for a maximum of two years if plaintiff is imprisoned on a criminal charge for a term less than life, *see* Cal.Civ.Proc. Code § 352.1. This means that the last day for Hill to file his complaint was June 23,

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

1999. Hill, however, didn't file his complaint until January 2000, so his claims are time barred. That Hill had previously filed a separate action in 1996 does not change the result. The 1996 complaint was dismissed "without prejudice to refiling." Hill didn't amend his old complaint, but commenced an entirely new action over six months late.

Because the claims are time barred and it is clear that the deficiency cannot be saved by amendment of the pleadings, the district court did not err in denying Hill's requests for leave to amend, "reservice" of the complaint on the unserved defendants, and appointment of counsel. *See Lee v. City of L.A.*, 250 F.3d 668, 691–92 (9th Cir.2001); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir.1986).

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.