**Janet I. FISCHER, Plaintiff–Appellant,**

v.

**ADMINISTRATIVE OFFICES OF THE UNITED STATES COURTS, in its official capacity; et al., Defendants–Appellees.**

No. 03–56031.

D.C. No. CV–02–00691–OMP.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 10, 2003.*

Decided Nov. 13, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Janet I. Fischer, pro se, Chino, CA, for Plaintiff–Appellant.

Robert I. Lester, Esq., USLA—Office of the U.S. Attorney, Los Angeles, CA, J. Michael Weston, Esq., and Charles I. Appler, Esq., Bennett, Weston & LaJone, P.C., Robert J. Davis, Esq., Matthews Carlton & Stein, Dallas, TX, Clark H. McCoy, Jr., Esq., Wolfe, Clark, Henderson, Tidwell & McCoy, Sherman, TX, James A. Pranske, Esq., David J. White, Esq., and Hilaree A. Casada, Esq., Godwin & Gruber, Dallas, TX, Joel D. Siegel, Esq., Jenkens & Gilchrist, Los Angeles, CA, Glenn A. Brown, Esq., Chamberlain & McHaney, Austin, TX, Douglas J. Collodel, Esq., and Randall A. Miller, Esq., Sedgwick, Detert, Moran and Arnold, David T. DiBiase and Steven D. Huff, Esq. Anderson, McPharlin & Conners LLP, Huey P. Cotton, Esq., Los Angeles, CA, David T. Moran, Esq., Jackson Walker, Dallas, TX, Denise M. Howell, Esq., Reed Smith Crosby & Heafey, Los Angeles, CA, John E. Torbett, Jr., McKay Meyer & Herbert, Los Angeles, CA, Dainel C. Andrews, Esq., Jones Kurth Andrews & Ortiz, San Antonio, TX, Marc C. Forsythe, Goe & Forsythe, Newport Beach, CA, Angela Dickerson Nickel, Esq., Seguin, TX, Tom L. Newton, Jr., Esq., Charles B. Gorham, Esq., pro se, Rochel J. Lemler, Esq., Fernando Ramos, Esq., San Antonio, TX, Richard T. Williams, Esq., and Emery Shiau, Esq., Holland & Knight, Michael E. Williams, Esq., Quinn, Emanuel, Urquhart, Oliver & Hedges LLP, Los Angeles, CA, Alex L. Holtsford, Jr., Esq., Montgomery, AL, Fred Carrington, Esq., and Terron M. Carrington, Esq., Carring-ton & Carrington, P.A., Clearwater, FL, Moses W. Johnson, Esq., Anaheim, CA, Thomas L. Wilson, Esq., Pivo and Halbreich, Irvine, CA, Bruce E. Disenhouse, Esq., Kinkle, Rodiger & Spriggs, Riverside, CA, Robert Schell, Esq., Denton County District Attorney Office, Thomas F. Keever, Esq., Office of the District Attorney, Denton, TX, Gregory A. Garbacz, Esq., Klinedinst, Fliehman & McKillop, Los Angeles, CA, Daniel S. Roberts, Best, Best & Krieger, Ontario, CA, Wiliam R. DeWolfe, Esq., Best Best & Krieger, LLP, Riverside, CA, Michael J. Whitten, Esq., Denton, TX, William Bennett Cullum, Esq., Dallas, TX, Bruce Janger, Esq., Los Angeles, CA, Frank L. Rhemrev, Esq., Pasadena, CA, Marsha S. Miller, Esq., and Albert Y. Muratsuchi, DAG, AGCA—Office of the California Attorney General (LA), Los Angeles, CA, James Lee Kee, Duncan, OK, Stefan K. Doughty, Esq., Oklahoma Attorney General Offices, Oklahoma City, OK, for Defendants–Appellees.

Before KOZINSKI, SILVERMAN and TALLMAN, Circuit Judges.

### MEMORANDUM **

Janet I. Fischer appeals pro se the district court's judgment dismissing her civil rights and racketeering action against almost 100 defendants,[1] including state and federal judges, prosecutors, court administrative personnel and private attorneys in California, Texas, Oklahoma and Florida. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim. *Seinfeld v. Bartz*, 322 F.3d 693, 696 (9th Cir.2003), and we affirm.

---

1. Appellee Lemler & Associates' Motion to Admit Attorney Pro Hac Vice is granted.

**608**

The district court properly dismissed Fischer's claim that the defendants conspired in a racketeering enterprise to violate her civil rights and the rights of various third parties because, the claim is based on conclusory allegations unsupported by facts sufficient to withstand a motion to dismiss, *see Ivey v. Board of Regents of Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir.1982), and because, subject to exceptions not applicable here, Fischer lacks standing to bring civil rights claims on behalf of third parties, *see Voigt v. Savell,* 70 F.3d 1552, 1564–65 (9th Cir.1995).

The district court properly dismissed Fischer's section 1983 claim alleging that state authorities seized her property and dismissed her subsequent legal action more than six years before this complaint was filed, because it is barred by California's one-year statute of limitations. *See Fink v. Shedler,* 192 F.3d 911, 914 (9th Cir.1999) (federal courts apply the forum state's personal injury statute of limitations for section 1983 claims).

Taking all of Fischer's allegations as true, it appears beyond a doubt that she can prove no set of facts in support of her claims that would entitle her to relief. *See Cassettari v. County of Nevada, California,* 824 F.2d 735, 737 (9th Cir.1987). Accordingly, Fischer failed to state a claim for which relief can be granted. *See id.*

Fischer's remaining contentions also lack merit.

AFFIRMED.