**Waukeen Q. MCCOY, Plaintiff—Appellant,**

v.

**Angela ALIOTO, an individual; et al., Defendants—Appellees.**

No. 04–15138.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 12, 2005.

Waukeen Q. McCoy, San Francisco, CA, Kay Mckenzie Parker, Esq., Fresno, CA, for Plaintiff–Appellant.

Steven L. Robinson, Esq., Angela Alioto, Joseph L. Alioto Law Offices, San Francisco, CA, for Defendants–Appellees.

Before: GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

MEMORANDUM **

Attorney Waukeen Q. McCoy, an African–American, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1981 action against attorney Angela Alioto and her law firm ("Alioto") alleging that Alioto refused to honor a fee-sharing agreement with McCoy because of his race. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal of an action on statute of limitations grounds. *Azer v. Connell,* 306 F.3d 930, 936 (9th Cir.2002). We affirm.

Even assuming the four-year statute of limitations set forth in 28 U.S.C. § 1658(a) applied to McCoy's 42 U.S.C. § 1981 action, *see Jones v. R.R. Donnelley & Sons Co.,* 541 U.S. 369, 124 S.Ct. 1836, 1845, 158 L.Ed.2d 645 (2004), McCoy's federal compliant was still untimely filed.

McCoy contends that he first became aware of the injury giving rise to his cause of action under section 1981 in July of 2002, when he learned that Alioto paid a similarly situated Caucasian attorney $2

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

million in attorney's fees in a case McCoy also worked on. To the contrary, the record reveals that McCoy alleged in his 1999 state court complaint that on or about May 7, 1999, he learned that Alioto paid a Caucasian attorney 16% of the fees in *Carroll v. Interstate Brands,* 99 Cal.App.4th 1168, 121 Cal.Rptr.2d 532 (2002), even though she informed McCoy she would pay him only 10% of the fees for the work he performed in that case, and when he objected he was paid nothing. *See Fink v. Shedler,* 192 F.3d 911, 914 (9th Cir.1999) (holding that a federal cause of action begins to run when the plaintiff knows, or should know, of the injury on which the cause of action is based). McCoy's federal action filed on June 17, 2003, was therefore barred by the statute of limitations, and the district court properly dismissed.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.