Timothy **ACTKINSON**, Plaintiff—Appellant,

v.

John Michael **VARGO**, et al.; Defendant—Appellee.

No. 06–35367.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 6, 2008.

Filed July 2, 2008.

Nicholas A. Kampars, Davis Wright Tremaine, LLP, Portland, OR, for Plaintiff–Appellant.

Timothy Atkinson, pro se.

Janet A. Metcalf, Richard D. Wasserman, AGOR–Office of the Oregon Attorney General (Salem), Salem, OR, for Defendant–Appellee.

Before: BERZON and BEA, Circuit Judges, and GUTIERREZ *, District Judge.

## MEMORANDUM **

Timothy Actkinson ("Actkinson")[1] appeals the district court's summary judgment ruling in favor of Dr. John Michael Vargo ("Dr. Vargo"). While Actkinson was incarcerated in the Oregon state prison where Dr. Vargo was in charge of inmate medical care, Actkinson contends, Dr. Vargo violated his Eighth Amendment constitutional right to be free from cruel and unusual punishment through deliberate indifference to Actkinson's serious medical needs.[2] Specifically, Actkinson asserts Dr. Vargo failed adequately to treat the herpetic keratitis in his eye by: (1) ignoring Actkinson's complaints of an allergic reaction to Prednisolone; (2) failing to follow the emergency room doctor's ("Dr. Miller's") instructions, which included taking Actkinson off Prednisolone; and (3) deviating from the eye specialist, Dr. Barone's, treatment orders.

In granting Dr. Vargo's motion for summary judgment, the district court held: (1)

---

* The Honorable Philip S. Gutierrez, District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. In his prison records, and his own filings, appellant's name is spelled "Actkinson" not "Atkinson." The Clerk is instructed to change the docket to reflect the proper spelling of appellant's last name.

2. Because of the parties' familiarity with the facts, they are discussed only as necessary.

Because Dr. Vargo's alleged failure to follow Dr. Miller's recommendation for Actkinson's treatment occurred on March 30, 2002, and Actkinson did not file his complaint until May 24, 2004, Actkinson's claim was time-barred by the two-year statute of limitations; (2) Dr. Vargo was entitled to qualified immunity for all claims arising after March 2002 because he did not violate Actkinson's clearly established constitutional rights; and (3) Actkinson's contention that Dr. Vargo failed to follow Dr. Miller's recommendation to transport Actkinson to the OHSU Casey Eye Institution failed because the record showed Actkinson was treated there on a weekly basis following this recommendation until his release from prison.

"We review a grant of summary judgment *de novo* to determine whether there are any genuine issues of material fact at issue and whether the district court correctly applied the relevant law. All reasonable inferences must be drawn in the nonmoving party's favor, but are limited to those upon which a reasonable jury might return a verdict." *Craig v. M & O Agencies, Inc.*, 496 F.3d 1047, 1053 (9th Cir. 2007) (internal citations and quotation marks omitted). We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.

Actkinson's claims are not time-barred. The applicable statute of limitations in Actkinson's claim, filed under 42 U.S.C. § 1983, is the statute of limitations for personal injury actions in the forum state, Oregon. *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir.1999). That statute provides a two-year statute of limitations. Or.Rev. Stat. § 12.110(1). "Federal law, however, governs when a claim accrues. A claim accrues when the plaintiff knows, or should know, of the injury which is the basis of the cause of action." *Fink*, 192 F.3d at 914 (internal citation omitted). In a suit, like Actkinson's, asserting an "injury" of deliberate indifference, the claim therefore accrues when the prisoner "knew or had reason to know of the [prison] employees' deliberate indifference to his medical needs." *TwoRivers v. Lewis*, 174 F.3d 987, 992 (9th Cir.1999).

■ In his declaration filed in response to the motion for summary judgment, Actkinson states that he first discovered that the continued administration of Prednisolone, to which he was allergic, was causing his eye condition to deteriorate on or about May 29, 2003. Actkinson claims that he informed Dr. Vargo of this allergic reaction shortly thereafter, but that Dr. Vargo ignored his warning and continued to treat him with Prednisolone, causing his eyesight to worsen. This declaration raises a triable issue of fact as to whether Actkinson filed his complaint within two years of the date that he "knew or had reason to know of" Dr. Vargo's deliberate indifference to his Prednisolone allergy. *Id.*; *see also Boles v. Hill*, No. 04–1529–CO, 2007 WL 1723503, at *3 (D.Or. June 7, 2007) (finding that prisoner's claim of deliberate indifference to medical needs accrued on the date that prison officials denied his request for surgery).[3]

---

**3.** Before Dr. Vargo's motion for summary judgment, Dr. Vargo filed a motion to dismiss the complaint based on the statute of limitations. The district court granted the motion to dismiss in part. Specifically, the district court granted the motion as to all of Actkinson's claims arising out of actions and omissions by Dr. Vargo before March 24, 2002.

The district court later affirmed that ruling in its order granting Dr. Vargo's motion for summary judgment by denying Actkinson's motion to amend his complaint to the extent Actkinson wanted to add allegations that would be time-barred. We reverse this ruling as well.

A violation of the Eighth Amendment occurs when "prison officials are deliberately indifferent to a prisoner's medical needs." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir.2004) (citation omitted). "A determination of 'deliberate indifference' involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need.... A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992), *overruled on other grounds, WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir.1997) (en banc). Dr. Vargo does not dispute that Actkinson's herpetic keratitis was a serious medical condition.

█ Regarding the nature of Dr. Vargo's response: "A defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate indifference to be established." *McGuckin*, 974 F.2d at 1060. Actkinson's pro se affidavits aver the following genuine issues of material fact regarding the elements of a claim for relief under § 1983:[4] (1) Dr. Vargo failed to follow the treatment and therapy prescribed by Dr. Barone at the Casey Eye Institute, which included taking Actkinson off Prednisolone; (2) Dr. Vargo knew Dr. Barone had stopped prescribing Prednisolone for Actkinson; (3) Actkinson learned that the continued administration of Prednisolone at Dr. Vargo's direction was aggravating his eye condition on or about May 29, 2003; and (4) Actkinson thereaf-

ter informed Dr. Vargo that he was allergic to Prednisolone, but Dr. Vargo continued to ignore Actkinson's problems and to treat him with Prednisolone, causing Actkinson's eyesight to worsen. Because such admissible evidence submitted by Actkinson raises a triable issue of fact as to whether Dr. Vargo was deliberately indifferent to Actkinson's serious medical condition, the district court erred in granting Dr. Vargo's motion for summary judgment.

█ The district court further erred in determining Dr. Vargo was entitled to qualified immunity. Under the doctrine of qualified immunity, "government officials preforming discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982) (citations omitted).

An inmate has a constitutional right not to have his medical providers employed by the State treat his condition with "deliberate indifference." *McGuckin*, 974 F.2d at 1059. Dr. Vargo's actions in prescribing and treating Actkinson with Prednisolone, after Actkinson had informed Dr. Vargo he was allergic to the medication and that it caused Actkinson to get repeated infections, raise a triable issue of fact as to whether a reasonable doctor in Dr. Vargo's position would have known he was violating Actkinson's clearly established right. *Id.* at 1060. Further, prisoners

---

4. Where a plaintiff represents himself pro se, a court must:

> [C]onsider as evidence in his opposition to summary judgment all of [the plaintiff's] contentions offered in motions and pleadings, where such contentions are based on personal knowledge and set forth facts that would be admissible in evidence, and where [the plaintiff] attested under penalty of perjury that the contents of the motions or pleadings are true and correct.

> *Jones v. Blanas*, 393 F.3d 918, 922–23 (9th Cir.2004) (citations omitted).

have had a clearly established right not to have their serious medical needs treated with deliberate indifference since long before Dr. Vargo first treated Actkinson, which the government concedes. *See id.* at 1059 (establishing that the right existed in 1992); *see also Saucier v. Katz*, 533 U.S. 194, 201–02, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) (setting forth the standard for qualified immunity).

In conclusion, we hold there are triable issues of fact regarding whether Dr. Vargo acted with deliberate indifference to Actkinson's serious medical needs in violation of Actkinson's Eighth Amendment rights. Dr. Vargo is not entitled to qualified immunity from liability to Actkinson.

This case is remanded for trial.

**REVERSED AND REMANDED.**

