Faustino ROBINSON, Plaintiff–Appellant,

v.

Sergeant BEOR; et al., Defendants–Appellees.

No. 07–16453.

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2009 *.

Filed May 26, 2009.

Faustino Robinson, San Diego, CA, pro se.

Before: PREGERSON, CANBY, and BERZON, Circuit Judges.

MEMORANDUM **

Faustino Robinson, a former California state prisoner, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action as time-barred and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Fink v. Shedler,* 192 F.3d 911, 913–14 (9th Cir.1999), and we affirm.

The district court properly dismissed the action as time-barred because the action relates to an alleged incident that occurred on November 30, 1987, and Robinson did not initiate the action until September 28, 2006. *See Canatella v. Van De Kamp,* 486 F.3d 1128, 1132–33 (9th Cir. 2007) (explaining that civil rights claims that were more than one-year old as of January 1, 2003 are governed by California's previous one-year statute of limitations for personal injury claims); *Fink,* 192 F.3d at 916 (holding that civil rights claims brought by prisoners that accrued before January 1, 1995 are tolled for two years from accrual, or until January 1, 1995, whichever occurs later, as long as such application does not result in manifest injustice).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Robinson's remaining contentions are unpersuasive.

**AFFIRMED.**

---

* Judge Susan P. Graber was drawn to replace Judge William W. Schwarzer. She has read the briefs, reviewed the record, and listened to the recording of oral argument held on December 8, 2008.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.