FILED

**NOT FOR PUBLICATION**

APR 19 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GRETCHEN V. SCHULZE; MICHAEL F. SCHULZE, | No. 08-16041 |
| Plaintiffs - Appellants, | D.C. No. 1:06-cv-00490-EFS |
| v. | MEMORANDUM[*] |
| CINDY MAGLASANG; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
Edward F. Shea, District Judge, Presiding

Submitted April 5, 2010[**]

Before:    RYMER, McKEOWN, and PAEZ, Circuit Judges.

Gretchen V. Schulze and Michael F. Schulze appeal pro se from the district

court's summary judgment in their action under *Bivens v. Six Unknown Named*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that defendants conspired to present false evidence at Mr. Schulze's criminal forfeiture trial and disclosed to the press evidence falsely implicating Ms. Schulze. We have jurisdiction under 28 U.S.C. § 1291. We review de novo summary judgment, *Barnett v. Centoni*, 31 F.3d 813, 815 (9th Cir. 1994) (per curiam)*, and for abuse of discretion the denial of a request to modify a scheduling order, *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002), and we affirm.

The district court properly granted summary judgment for defendants on Ms. Schulze's claims because they are time-barred and not subject to equitable tolling. *See* Haw. Rev. Stat. § 657-7 (two-year statute of limitations for personal injury claims)*; Van Strum v. Lawn*, 940 F.2d 406, 408-10 (9th Cir. 1991) (explaining that the forum state's personal injury statute of limitations applies in *Bivens* actions); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999) (explaining that the forum state's provision on equitable tolling applies in *Bivens* actions); *Office of Haw. Affairs v. State*, 133 P.3d 767, 789 (Haw. 2006) (describing requirements for equitable tolling under Hawai'i law).

The district court properly granted summary judgment on Mr. Schulze's claims because defendants are entitled to absolute immunity. *See Imbler v.*

*Pachtman*, 424 U.S. 409, 430-31 (1976) (holding that prosecutors are entitled to absolute immunity for conduct associated with presenting the state's case); *McSherry v. City of Long Beach*, 584 F.3d 1129, 1147 (9th Cir. 2009) (recognizing that law enforcement officers are immune from liability even for perjured testimony).

Finally, the district court did not abuse its discretion by denying the Schulzes' motion to extend by ninety days the deadline for responding to defendants' summary judgment motion because the Schulzes failed to show good cause for the requested extension of time. *See Zivkovic*, 302 F.3d at 1087.

**AFFIRMED.**

08-16041