**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD KLEINHAMMER, | No. 09-55296 |
| Plaintiff - Appellant, | D.C. No. 8:06-cv-00798-JFW-JTL |
| v. | |
| CITY OF PASO ROBLES; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted May 25, 2010[**]

Before:     CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Richard Kleinhammer, a former California state prisoner, appeals pro se

from the district court's summary judgment in his 42 U.S.C. § 1983 and inverse

condemnation action alleging that the defendants improperly denied sewer service

to his property.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo

---

        [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

        [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Accordingly,
Kleinhammer's request for oral argument is denied.

09-55296

a district court's decision on equitable tolling where, as here, the facts are undisputed. *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1175-76 (9th Cir. 2000). We affirm.

The district court properly granted summary judgment for defendants. Kleinhammer failed to raise a genuine issue of material fact as to whether or not defendants had notice that he intended to pursue his claims and whether or not his conduct was reasonable during the applicable period. *See Fink v. Shedler*, 192 F.3d 911, 916 (9th Cir. 1999) ("Under California law, a plaintiff must meet three conditions to equitably toll a statute of limitations: (1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith." ) (citation and internal quotation marks omitted); *see also Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993) (the burden to plead facts which would give rise to equitable tolling falls upon the plaintiff); *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 374 (9th Cir. 1998) (on summary judgment plaintiff bears burden of presenting evidence to support complaint's allegations).

Kleinhammer's remaining contentions are unpersuasive.

**AFFIRMED.**

09-55296