FILED

MAY 22 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| THOMAS BODNAR, | No. 12-56109 |
| Plaintiff - Appellant, | D.C. No. 5:11-cv-00092-DSF-OP |
| v. | |
| RIVERSIDE COUNTY SHERIFF'S DEPARTMENT; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted May 14, 2013[**]

Before:    LEAVY, THOMAS, and MURGUIA, Circuit Judges.

California state prisoner Thomas Bodnar appeals pro se from the district

court's judgment dismissing as time-barred his 42 U.S.C. § 1983 action alleging

excessive force during his arrest.  We have jurisdiction under 28 U.S.C. § 1291.

---

   [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review de novo the district court's dismissal on the basis of the applicable statute of limitations and, where the relevant facts are undisputed, its decision whether to apply equitable tolling. *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004). We affirm.

The district court properly dismissed Bodnar's action as time-barred because Bodnar filed this action more than four years after the alleged use of excessive force. *See* Cal. Civ. Proc. Code §§ 335.1, 352.1(a) (two-year statute of limitations for personal injury claims; limitations period may be tolled for an additional two years for prisoners); *Jones*, 393 F.3d at 927 ("For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions.").

The district court properly declined to apply equitable tolling because defendants were not provided timely notice of Bodnar's claims given that Bodnar voluntarily dismissed his prior action before serving any of the defendants in that action. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993) (explaining the three-pronged test for equitable tolling in California and noting that "[t]he doctrine of equitable tolling focuses on the effect of the prior claim in warning the defendants in the subsequent claim of the need to prepare a defense"); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999) (federal courts apply forum state's equitable tolling rules when not inconsistent with federal law).

12-56109

We deny Bodnar's opposed motion to amend his opening brief, filed on February 13, 2013, and his motion to stay the appeal, filed on January 15, 2013.

**AFFIRMED.**