**Noel Keith WATKINS, Plaintiff– Appellant,**

v.

**SPEARS; et al., Defendants–Appellees.**

**No. 14–16784.**

United States Court of Appeals, Ninth Circuit.

---

Submitted Dec. 9, 2015.*

Filed Dec. 17, 2015.

Noel Keith Watkins, Vacaville, CA, pro se.

Sylvie Snyder, Esquire, Deputy Assistant Attorney General, AGCA–Office of The Attorney General, San Diego, CA, for Defendants–Appellees.

Before: WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

## MEMORANDUM **

California state prisoner Noel Keith Watkins appeals pro se from the district court's judgment dismissing as time-barred his 42 U.S.C. § 1983 action alleging that defendants failed to protect him. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal of an action as barred by the applicable statute of limitations, *Fink v. Shedler*, 192 F.3d 911, 913–14 (9th Cir. 1999), and we affirm.

The district court properly dismissed Watkins' action as time-barred because, even with the benefit of statutory tolling due to incarceration, Watkins failed to file his action within the applicable statute of limitations. *See* Cal.Civ.Proc.Code §§ 335.1, 352.1(a) (two-year statute of limitations for personal injury claims; two-year tolling period due to incarceration); *Canatella v. Van De Kamp*, 486 F.3d 1128,

1132–33 (9th Cir.2007) (forum state's personal injury statute of limitations and tolling laws apply to § 1983 actions; federal law determines when a civil rights claim accrues, which is "when the plaintiff knows or has reason to know of the injury which is the basis of the action" (citation and internal quotation marks omitted)). Moreover, Watkins failed to show that he was entitled to equitable tolling. *See Fink*, 192 F.3d at 916 (three-pronged test for equitable tolling in California).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir.2009) (per curiam).

**AFFIRMED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.