**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 5 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEMOND MAURICE MIMMS, | No. 16-56868 |
| Plaintiff-Appellant, | D.C. No. 2:12-cv-10769-DMG-JC |
| v. | |
| GAIL LEWIS; OSCAR PENA, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted September 26, 2017[**]

Before: SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Demond Maurice Mimms, a former California state prisoner, appeals pro se

from the district court's judgment dismissing as time-barred his 42 U.S.C. § 1983

action alleging constitutional claims. We have jurisdiction under 28 U.S.C.

§ 1291. We review de novo. *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004).

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We affirm.

The district court properly dismissed Mimms's action because Mimms filed his action more than three years after he began serving his prison sentence for his 1998 criminal conviction. *See Wallace v. Kato*, 549 U.S. 384, 389 (2007) (statute of limitations begins to run "when the alleged false imprisonment ends" (citation and internal quotation marks omitted)); *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (§ 1983 claims are governed by forum state's statute of limitations for personal injury actions); *Jones*, 393 F.3d at 927 (in California, prior to 2003, one year statute of limitations applicable to personal injury actions; prisoners entitled to two years of statutory tolling).

Contrary to Mimms's contentions, he is not entitled to equitable tolling because there would be substantial prejudice to defendants in gathering evidence to defend against Mimms's claims and because Mimms failed to demonstrate good faith and reasonable conduct. *See Fink v. Shedler*, 192 F.3d 911, 916 (9th Cir. 1999) (three-pronged test for equitable tolling in California).

**AFFIRMED.**