NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ERIC C. BEAUCHAMP,

               Plaintiff-Appellant,

v.

D. J. DOGLIETTO, Officer; et al.,

               Defendants-Appellees.

No. 15-15616

D.C. No. 3:13-cv-02098-CRB

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted September 26, 2017[**]

Before:    SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

    California state prisoner Eric C. Beauchamp appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging excessive force,

deliberate indifference to medical needs, and state law claims. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Williams v. Paramo*,

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

775 F.3d 1182, 1191 (9th Cir. 2015) (summary judgment for failure to exhaust administrative remedies); *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010) (dismissal under Fed. R. Civ. P. 12(b)(6)). We affirm.

The district court properly granted summary judgment on Beauchamp's federal claims because Beauchamp failed to raise a genuine dispute of material fact as to whether he properly exhausted administrative remedies or whether administrative remedies were effectively unavailable to him. *See Ross v. Blake*, 136 S. Ct. 1850, 1858-60 (2016) (setting forth circumstances when administrative remedies are unavailable, including when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation"); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." (citation, internal quotation marks, and emphasis omitted)); *Sapp v. Kimbrell*, 623 F.3d 813, 823-24, 826-27 (9th Cir. 2010) (describing limited circumstances where improper screening renders administrative remedies unavailable or where exhaustion might otherwise be excused).

The district court properly dismissed Beauchamp's state law assault and

2                                                     15-15616

battery claim as time-barred because, even with the benefit of all arguably

applicable equitable tolling, Beauchamp failed to file this action within the

applicable statute of limitations. *See* Cal. Gov't Code § 945.6(a)(1) (action must

be commenced no more than six months after the notice of rejection of the

government tort claim is mailed); *Fink v. Shedler*, 192 F.3d 911, 916 (9th Cir.

1999) (three-pronged test for equitable tolling in California).

**AFFIRMED.**