NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 22 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DENISE RAYNOLDS-MORRIS, | No.    16-55800 |
| Plaintiff-Appellant, | D.C. No. 5:15-cv-02280-DOC-DFM |
| v. | |
| TRAVIS BUELL, E6569, Deputy Sheriff, in his individual capacity; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted March 13, 2018[**]

Before:    LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Denise Raynolds-Morris appeals pro se from the district court's judgment dismissing her 42 U.S.C. § 1983 action alleging federal and state law claims arising from her arrest.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo the district court's dismissal on the basis of the statute of limitations.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

*Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004). We affirm.

The district court properly dismissed Raynolds-Morris' action as time-barred because Raynolds-Morris failed to file her action within the applicable statute of limitations or establish any basis for equitable tolling. *See* Cal. Civ. Proc. Code. § 335.1 (two-year statute of limitations for personal injury claims); *Jones*, 393 F.3d at 927 (statute of limitations for § 1983 claims is governed by the forum state's limitation period for personal injury claims, including state law regarding tolling); *Fink v. Shedler*, 192 F.3d 911, 916 (9th Cir. 1999) (test for equitable tolling in California); *see also* Cal. Gov't Code § 945.6(a) (setting forth time limitations for commencing action against public entity).

We do not consider arguments or facts that were not presented to the district court. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

**AFFIRMED.**