NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMERICAN GROUND TRANSPORTATION, INC., DBA 24/7 Taxi Cab, a California Corporation,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>CITY OF ANAHEIM; HARRY S. SIDHU, Mayor; STEPHEN FAESSEL, Mayor Pro Tem; DENISE BARNES, Councilperson; JORDAN BRANDMAN, Councilperson; JOSE F. MORENO; LUCILLE KRING, Councilperson; TREVOR ONEIL, Councilperson; SANDRA SAGERT, Community Preservation and Licensing Manager; DOES, 1 through 100, inclusive,<br><br>Defendants-Appellees. | No. 23-55730<br><br>D.C. No.<br>8:21-cv-01629-SSS-KES<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Sunshine Suzanne Sykes, District Judge, Presiding

Submitted January 13, 2025[**]
Pasadena, California

Before: GOULD, BENNETT, and LEE, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appellant American Ground Transportation ("AGT") appeals the district court's order granting in part Appellees' motion for summary judgment and denying AGT's request for judicial notice. AGT sued Appellees the City of Anaheim and its government officials (collectively, "Anaheim"), petitioning for a writ of administrative mandate and suing for declaratory relief and damages under 42 U.S.C. § 1983 ("Section 1983"). The district court held that the statute of limitations had run on AGT's Section 1983 claim and that the three exhibits on which AGT sought judicial notice were irrelevant to AGT's Section 1983 claim. The district court remanded the state law claims to state court.

We have jurisdiction under 28 U.S.C. § 1291. We review a district court's grant of summary judgment *de novo*, *Domingo ex rel. Domingo v. T.K.*, 289 F.3d 600, 605 (9th Cir. 2002), and we review rulings on requests for judicial notice for abuse of discretion, *Ritter v. Hughes Aircraft Co.*, 58 F.3d 454, 458 (9th Cir. 1995). "In reviewing decisions of the district court, we may affirm on any ground finding support in the record." *Cigna Prop. and Cas. Ins. Co. v. Polaris Pictures Corp.*, 159 F.3d 412, 418 (9th Cir. 1998). We affirm.

The statute of limitations for federal civil rights claims under Section 1983 is "governed by the forum state's statute of limitations for personal injury actions." *Bonelli v. Grand Canyon University*, 28 F.4th 948, 951 (9th Cir. 2022). As of January 1, 2003, the statute of limitations for personal injury actions in California

is two years. Cal. Civ. Proc. § 335.1. "A claim accrues when the plaintiff knows, or should know, of the injury which is the basis of the cause of action." *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999).

AGT's Section 1983 claim alleges that Anaheim engaged in ethnic discrimination against AGT and South Coast Cab Company, AGT's predecessor company. AGT's claim relies on one instance of alleged discrimination that allegedly occurred before 2005 in which an Anaheim employee told the owner of South Coast Cab Company that "he should go back to Greece [and] that he would never get a permit to operate 'in this City.'" AGT contends that this allegation of discrimination against South Coast Cab Company is linked to a continuing violation against AGT, but AGT did not present any evidence to support this claim. The statute of limitations has run on any Section 1983 claim stemming from this alleged instance or any other alleged instance of discrimination against South Coast Cab Company and AGT from the 1990s and early 2000s.

AGT's Section 1983 claim incorporates by reference other parts of the complaint that challenge Anaheim's 2020 Request for Proposal ("RFP") and its allocation of taxi permits in 2020. To the extent AGT's Section 1983 claim alleges that Anaheim engaged in ethnic discrimination during the 2020 RFP, that allegation would not be barred by the statute of limitations because the taxi permits allocated after the 2020 RFP were distributed on October 6, 2020, and AGT filed

its complaint on December 31, 2020, within the two-year statutory limitations period. AGT does not connect any incidents of alleged discrimination against South Coast Cab Company to the 2020 RFP process. We affirm the district court's grant of summary judgment on allegations of ethnic discrimination arising during the 2020 RFP process on the merits because there is no genuine issue of material fact as to whether Anaheim engaged in ethnic discrimination against AGT during the 2020 RFP or any other time during the statutory limitations period. *See Cigna Prop. and Cas. Ins. Co.*, 159 F.3d at 418.

On this appeal, AGT also asserts claims for deprivation of procedural and substantive due process and equal protection, but AGT waived the right to bring these claims because it did not raise them in its Section 1983 claim before the district court. *See United States v. Flores–Payon*, 942 F.2d 556, 558 (9th Cir. 1991) (discussing how issues not presented to the district court cannot be raised for the first time on appeal unless narrow exceptions apply).

Finally, the district court did not abuse its discretion when it denied AGT's request to judicially notice three exhibits because all three of those exhibits are irrelevant to AGT's Section 1983 claim. Fed. R. Evid. 401.

**AFFIRMED.**

4