**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 5 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT HOLMES III, | No. 16-16215 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-00877-JAD-GWF |
| v. | |
| METROPOLITAN POLICE DEPARTMENT; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted September 26, 2017**

Before:    SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Robert Holmes, III, appeals pro se from the district court's judgment dismissing his action alleging constitutional claims arising from the seizure of his property. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal on the basis of the applicable statute of limitations. *Johnson v. Lucent*

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Techs. Inc.*, 653 F.3d 1000, 1005 (9th Cir. 2011). We affirm.

The district court properly dismissed as time-barred Holmes's claims against Sullivan, Kelly, the Las Vegas Metropolitan Department defendants, and Immigration and Customs Enforcement because Holmes filed this action more than two years after any claim accrued. *See Van Strum v. Lawn*, 940 F.2d 406, 410 (9th Cir. 1991) (forum state's statute of limitations for personal injury claims applies in *Bivens* and § 1983 actions); Nev. Rev. Stat. § 11.190(4)(c),(e) (applying a two-year statute of limitations period to personal injury claims in Nevada); *see also Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999) ("A claim accrues when the plaintiff knows, or should know, of the injury which is the basis of the cause of action."). We reject as without merit Holmes' contentions regarding tolling.

The district court did not abuse its discretion by dismissing Holmes's claims against Holl because Holmes failed to show good cause as to why he did not timely serve Holl. *See* Fed. R. Civ. P. 4(m) (outlining requirements for proper service, and explaining that district court may sua sponte dismiss an action for failure to serve "after notice to the plaintiff"); *In re Sheehan*, 253 F.3d 507, 511-12 (9th Cir. 2001) (setting forth standard of review and discussing Rule 4(m)'s "good cause" standard).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on

16-16215

appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We do not consider documents and facts not presented to the district court.  *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

**AFFIRMED.**